## O'TOOLE & NEDEAU CO. *v.* BOELKINS.

1. Appeal and Error—Judgment Non Obstante.
   In reviewing judgment *non obstante veredicto* for defendants, Supreme Court must accept plaintiff's version of facts, in view of jury's verdict in its favor.

2. Tender—Sufficiency.
   Where defendants prevented plaintiff from making tender by failing to be at home as agreed, tender should be considered same as it would have been made to defendants in person and without objection by them that it was not legal tender.

3. Same—Certificates of Deposit as Legal Tender.
   Certificate of deposit indorsed in blank is legal tender, in absence of objection thereto.

4. Same—Failure to be Present—Estoppel.
   Defendants' failure to be present as agreed, when plaintiff would have tendered certificates of deposit as payment, estops defendants from claiming that, if present, they would have objected to such tender as being legally insufficient.

5. Contracts—Options—Performance.
   Courts should not look with favor on claims of those who seek to evade their obligations in the form of options by avoiding optionees until time of performance has expired.

6. Tender—Sufficiency—Estoppel.
   Optionee may not be deprived of his rights under option by optionor's avoiding him until time for performance expired and then claiming that tender, if made as intended, would have been objected to as legally insufficient; especially where tender as intended to be made would have been sufficient in absence of objection thereto.

Error to Muskegon; Vanderwerp (John), J. Submitted January 22, 1931. (Docket No. 81, Calendar No. 35,408.) Decided April 7, 1931.

Assumpsit by O'Toole & Nedeau Company, a Michigan corporation, against A. Bert Boelkins and another for breach of a real estate option. Judgment for defendants *non obstante veredicto.* Plaintiff brings error. Reversed, and judgment ordered entered for plaintiff.           ⸱

*Alexis J. Rogoski,* for plaintiff.

*Cross, Foote & Sessions,* for defendants.

NORTH, J. Plaintiff company, a corporation, brought this suit to recover damages incident to defendants' alleged failure or refusal to perform a real estate option. Plaintiff had a verdict for $1,100; but judgment *non obstante veredicto* was entered for defendants. Plaintiff has appealed. The judgment *non obstante* was entered on the ground that plaintiff's tender was insufficient. This presents the sole question for review.

Plaintiff's 30-day option to purchase defendants' land for $12,000, $6,000 cash and balance in deferred payments, expired June 7, 1929. According to plaintiff's version of the facts, which we must accept in view of the jury's verdict, the defendants in the afternoon of the last day of the option were informed by plaintiff's officers that they wished to close the transaction. Defendants were then attending a social gathering, and they promised they would be at their home at seven o'clock that evening and complete the deal. Messrs. O'Toole and Nedeau with two other gentlemen went to defendants' home at the time specified, remained there over two hours and then left. They assert they were then ready, willing, and able to complete the transaction on the terms of the option. Defendants were not at their home as they had agreed. The record does not dis-

close a subsequent refusal by defendants to perform, excepting by their pleadings in this suit which was instituted shortly thereafter. Defendants' refusal to convey seems to have been prompted by dissatisfaction with plaintiff arising out of another transaction.

At the trial it developed that when Mr. O'Toole and Mr. Nedeau went to close the option instead of having in their possession the full amount of the cash payment ($6,000) in legal tender, they had $1,500 in currency and the balance in certificates of deposit of a local bank indorsed in blank. No claim is made that these indorsed certificates of deposit were not the equivalent of cash and acceptable as such, but the technical defense is urged that when plaintiff's officers went to close the transaction they were not ready and able to make a legal tender. As against this contention plaintiff urges that since the defendants were first in default in repudiating their option by failing to appear at the agreed time and place to conclude the transaction, they cannot stand on a technical objection which plaintiff might have overcome had defendants met with plaintiff's officers as agreed and actually insisted upon a legal tender.

It is too plain for argument that the circumstance which primarily defeated a technically legal tender was defendants' failure to keep their agreement to meet Messrs. O'Toole and Nedeau. Whether or not such failure was a deliberate plan by which defendants sought to avoid the option, they now seek to be released from it because by staying away they prevented plaintiff's officers from making a tender which would have been good in the absence of a specific objection by defendants that the proffered payment was not in legal tender. We think the tender plaintiff was prepared to make should be considered

the same as it would have been if made to defendants in person and without objection by them on the ground that it was not a legal tender. In the absence of such objection the tender would have been good. *Murphy* v. *Frank P. Miller Corp.,* 229 Mich. 162; *Browning* v. *Crouse,* 40 Mich. 339; 36 Cyc. p. 702, and cases cited. At the trial defendants did not claim they would have refused the tender because of the form in which plaintiff's officers were prepared to make it. Defendants' failure to be present as agreed estops them from now claiming if present they would have objected to the tender as being legally insufficient. To hold otherwise would allow defendants to take advantage of their own wrong. Courts should not and have not looked with favor upon the claims of those who seek to evade their obligations in the form of such options by avoiding the optionees until the time of performance has expired. The party holding the option is not thereby deprived of his rights. *Cheney* v. *Libby,* 134 U. S. 68 (10 Sup. Ct. 498); *Schaeffer* v. *Coldren,* 237 Pa. 77 (85 Atl. 98, Ann. Cas. 1914 B, 175); *Borden* v. *Borden,* 5 Mass. 67 (4 Am. Dec. 32); *Foternick* v. *Watson,* 184 Mass. 187 (68 N. E. 215); *Noyes* v. *Clark,* 7 Paige, Ch. (N. Y.) 179 (32 Am. Dec. 620).

"Acts insufficient in themselves to make a complete tender may operate as proofs of readiness to perform, so as to protect the rights of a party under a contract, where a proper tender is made impossible by reason of circumstances not due to the fault of the debtor.  *  *  *  And if the tender is prevented through the contrivance of the persons to whom it should be made, it will be excused or be considered equivalent to a tender." 26 R. C. L. pp. 623, 624, citing cases.

In the *Schaeffer Case, supra,* the syllabus in part reads as follows:

"Acts insufficient in themselves to make a complete tender may operate as proof of readiness to perform so as to protect the rights of a party under the contract, where a proper tender is made impossible by reason of circumstances not due to the fault of the tenderer.

"A certificate of deposit or certified check is a sufficient tender, if no objection be made on the ground that it is not lawful money."

The trial judge entered judgment for defendants *non obstante veredicto* because he was of the opinion that the certificates of deposit with which plaintiff's officers proposed to pay defendants did not constitute legal tender. Technically his holding was correct; but under the circumstances disclosed in the instant case, defendants not having declined to perform for that reason, they will not now be permitted to urge it as a justification for their nonperformance. The case is remanded to the circuit court with direction to set aside the judgment *non obstante,* and that judgment for plaintiff in the sum of $1,100 with taxable costs be entered as of April 26, 1930. Appellant will have costs in both courts.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.