HOBART v. VANDEN BOSCH.

1.. BROKERS—DELIVERY—RETURN TO BROKER FOR TRANSFER.
  . Actual delivery of shares of stock to customer by stock broker was not nullified by return of stock· to broker for transfer on books of issuing company.

2. SAME—RELATION BETWEEN BROKER AND CUSTOMER—PLEDGES.
  Relationship between broker and customer is usually that of pledgor and pledgee.

3. SAME—TENDER OF BALANCE DUE—WHEN TITLE VESTS IN CUSTOMER—LIENS.
  Where greater part of purchase price of stock is paid to broker, title vests in customer, and he is entitled to delivery on payment or tender of balance due, including legitimate charges, and broker has lien therefor.

4. RECEIVERS—RECEIVER'S TITLE NO BETTER THAN INSOLVENT'S.
  Receiver acquires no better title to property found in insolvent's hands than insolvent had when receiver was appointed.

5. BROKERS—TENDER BY CHECK—SUFFICIENCY.
  Customer's tender by check for balance due on shares of stock prior to broker's insolvency was sufficient, in absence of claim that more perfect tender would have been accepted.

6. RECEIVERS—CONVERSION—UNLAWFUL POSSESSION.

In customer's action against broker's receivers for conversion of shares of stock, defendants' claim that retention of possession was lawful because it was incident to audit of insolvent broker's affairs is without merit, where, at time of trial, 17 months had passed since demand for delivery was made, and they were still claiming lawful possession.

7. EVIDENCE—SELF-SERVING EVIDENCE—BROKERS—RECEIVERS—CONVERSION.

In customer's action against broker's receivers for conversion of shares of stock, broker's securities ledger and subsequent audit of broker's affairs by receivers were not admissible in evidence; being self-serving as to defendants and not binding on plaintiff.

Error to Kent; Dunham (Major L.), J. Submitted October 28, 1931. (Docket No. 122, Calendar No. 35,801.) Decided January 4, 1932.

Case by Ralph Hobart against Martin T. Vanden Bosch and another, receivers of A. G. Ghysels & Co., for conversion of certain bank stock trust shares. Judgment for plaintiff. Defendants bring error. Affirmed.

*Irving H. Smith* and *Peter J. Danhof,* for plaintiff.

*Butterfield, Keeney & Amberg,* for defendants.

NORTH, J. This is a suit for damages which plaintiff alleges he sustained by reason of defendants' unlawful conversion of 30 bank stock trust shares C-D3. On trial by the court without a jury, plaintiff had judgment. Defendants have appealed.

Pursuant to plaintiff's order, A. G. Ghysels & Co., acting as broker, on or about May 18, 1929, purchased for plaintiff 30 bank stock trust shares C-D3 at a total cost of $1,065. By exchange of other

securities delivered by plaintiff to his broker $938.30 was paid on plaintiff's purchase. The balance of $126.70 remained unpaid. The stock purchased by plaintiff was to be delivered to him by the broker after being transferred to plaintiff on the books of the issuing company so that dividends would be payable to plaintiff. After plaintiff's purchase, defendants were appointed receivers of A. G. Ghysels & Co. Further essential facts are stated in the quoted portion of the trial judge's findings of facts, which in our judgment are sustained by the proofs. We quote:

"The court further finds that on, to wit, the 24th day of May, 1929, these shares of bank stock were actually in the possession of A. G. Ghysels & Co., and were represented by two certain certificates of stock, one for 25 shares and one for five shares, and that they were then of the value of $1,065 plus the dividends earned thereon. * * * The court finds that late in the afternoon of the said 24th day of May, 1929, A. G. Ghysels & Co. delivered these two particular certificates of stock by their messenger to plaintiff at his office in the city of Grand Rapids, Michigan, that these certificates then being accompanied by the invoice attached thereto addressed plaintiff. That said messenger then handed them to plaintiff and that plaintiff then wrote his check for the balance due to complete the payment in full of said invoice and stock, and then noticed that the stock had not been transferred upon the books of the company in his name, and thereupon requested the messenger to return them to A. G. Ghysels & Co., stating that he would come in the next morning relative thereto.

"This court further finds that upon the following morning at about 10 o'clock in the forenoon plaintiff went to the office of A. G. Ghysels & Co. for the purpose of procuring these same shares of stock

with the intention of himself having them transferred in his name, and that he then had with him the check made out to complete the payment of this stock; that he then and there demanded the delivery of these shares of stock and tendered his check, and that said stock was taken from a desk or portfolio, it being the same two certificates and invoice that had been placed in the hands of plaintiff the afternoon previous, and that it was laid on a counter in plaintiff's presence, but that plaintiff was informed by someone in charge at the offices of A. G. Ghysels & Company, that they would not deliver these certificates of stock to plaintiff as A. G. Ghysels & Co. was going into the hands of a receiver. The court further finds that plaintiff then departed without recovering possession of these certificates after having demanded delivery to him of them and upon tendering his check as full payment of the balance due therefor.

"This court further finds that A. G. Ghysels & Co. was not in receivership on the 25th day of May, and that a receiver was appointed on the 27th day of May, 1929.

"This court further finds that refusal to deliver said shares of stock on May 25, 1929, was made upon the express direction of Abraham G. Ghysels, one of the partners of said A. G. Ghysels & Co.

"The court further finds that after the said 25th day of May, 1929, and on, to wit, the 5th day of June, 1929, plaintiff addressed to defendant Martin T. Vanden Bosch, then a receiver appointed by the circuit court for the county of Kent in chancery, of A. G. Ghysels & Co., a letter outlining the complete transaction between himself and A. G. Ghysels & Co. relative to the sale and purchase of these shares of stock, and demanded forthwith the delivery to him of said stock. The court further finds that before and after the writing of this letter, plaintiff several times orally demanded of defendant Martin T. Vanden Bosch the shares of stock.

"The court further finds that following the delivery of this stock to plaintiff at his office on the 24th day of May, 1929, and plaintiff's return of it to the agent of A. G. Ghysels & Co. for the purpose of having it transferred and registered in his name according to agreement, defendants and each of them at all times refused to deliver this stock to plaintiff although demanded so to do by plaintiff, but converted said stock to their own use."

Appellants urge that the trial judge was in error in holding plaintiff was entitled to recover for the following reasons:

(1) Title to the stock did not pass to plaintiff.

(2) Defendants' original possession was lawful because the stock, not having been paid for in full, was subject to lien for the balance of the purchase price; and the proof does not establish a change from lawful to unlawful possession.

(3) Defendants' detention of the stock pending audit of the affairs of A. G. Ghysels & Co. was reasonable and did not constitute conversion.

(4) There was prejudicial error in the court's refusal to receive in evidence defendants' exhibit B, which was a securities ledger, and their exhibit D, which was an audit made by the receivers of the assets and liabilities of A. G. Ghysels & Co.

The first two reasons above noted in support of defendants' appeal may be considered together. They are controlled by determination of whether defendants have wrongfully in their possession stock which plaintiff purchased through Ghysels & Co., title to which had vested in plaintiff before defendants were appointed receivers. As noted in the circuit judge's finding, two certificates of stock totaling the exact number of shares purchased by plaintiff were actually delivered into the hands of

plaintiff before the receivers were appointed. Apparently the only reason they were not retained by plaintiff was because he wished Ghysels & Co. to render him the further service of having this stock transferred on the books of the issuing company. This did not nullify the legal effect of delivery already made to him. Further, on the following day he tendered the payment of the balance of the purchase price and demanded that Ghysels & Co. surrender to him these identical certificates of stock which the company still had in its possession. Under such circumstances, as between plaintiff and the broker the stock should have been turned over to plaintiff. In dealings between a broker and his customer the rule of law as to who is vested with title is not the same as in ordinary cases between vendors and vendees. The relationship between a broker and his customer is usually that of pledgor and pledgee, and if the greater part of the purchase price is paid, the extent of the broker's interest in the property purchased by his customer is that of a lien thereon for the unpaid portion of the purchase price and other legitimate charges. The title to the property vests in the customer. He is entitled to delivery upon payment or tender of the balance due the broker. The rule of law is thus stated in *Austin* v. *Hayden,* 171 Mich. 38 (Ann. Cas. 1915 B, 894):

"The relation of the parties is pledgor and pledgee; the broker's ultimate rights in the stock being limited to the money he had advanced to purchase the same, with interest, and his commissions for transacting the business, in which he is protected by the partial payment the customer has made and the stock which he holds in pledge"—citing many authorities.

It is elementary that upon taking possession a receiver acquires no better title to property found in the hands of an insolvent than the latter had when the receiver was appointed. Further, appellants'' contention that the particular stock or certificates to be delivered to the plaintiff had not been appropriated or identified, and that they did not conform to the stock ordered because transfer on the books of the issuing company had not yet been consummated, is without merit under this record. The proof is to the contrary.

Appellants challenge the sufficiency of plaintiff's tender of payment. It is undisputed that plaintiff at the time he demanded his stock of Ghysels & Co., and, before the receivers were appointed, was ready and willing to pay the balance of the purchase price and in fact tendered his check in payment at the time. There is no claim by appellants that a more technically perfect tender of payment if made would have been accepted at that time or at any subsequent time after the receivers were appointed. That such tender, if made, would not have been accepted is established by this record. Under such circumstances a further tender would have been idle and is not required in law. *Murphy* v. *Frank P. Miller Corp.*, 229 Mich. 162; *O'Toole & Nedeau Co.* v. *Boelkins*, 254 Mich. 44.

There is no merit to appellants' claim that their detention of this stock was lawful because it was held pending an audit of the company's affairs. The fact is that, notwithstanding plaintiff's demand for delivery by the receivers was made in June, 1929, and this suit was not started until July, 1930, and heard in November following, the receivers were still claiming their possession of the stock was lawful. This long-continued retention was not reason-

ably incident to an audit of the company's affairs. Nor is there merit in appellants' contention that the securities ledger of Ghysels & Co. or the subsequent audit of the company's affairs made by the receivers were admissible in evidence as tending to disprove plaintiff's claim. Each of these exhibits was self-serving as to defendants and in no way binding upon plaintiff. The following conclusions of law announced by the trial judge are sustained by the established facts:

"I find from the testimony in the case that by the purchase of this stock by plaintiff on May 18, 1929, and its delivery to him on May 24th, the title thereto passed to plaintiff and vested in him, and it then became his sole and individual property, and that it then was the duty of A. G. Ghysels & Co. to deliver it to plaintiff. And that the delivery of the stock to plaintiff on May the 24th, and his demand for it on May the 25th, together with his tender of check for the balance due, vested absolutely in plaintiff the title to this stock, and it was the legal duty of A. G. Ghysels & Co. to then and there deliver the stock to plaintiff.

"I further find that upon and after the morning of May 25, 1929, defendants wrongfully and unlawfully took possession of this stock, retained it unlawfully and upon demand by plaintiff for delivery of it to him, refused to so deliver it."

The judgment entered in the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.