**UNITED STATES of America, George S. McIntyre and National Bank of Detroit, Plaintiffs,**

v.

**HADDIX & SONS, INC., and Haddix & Sons Elevators, Inc., Defendants.**

Civ. No. 22748.

United States District Court
E. D. Michigan, S. D.

Dec. 17, 1965.

John H. Shepherd, Detroit, Mich., for United States of America.

Philip Costello, Weipert & Costello, Monroe, Mich., for receiver M. S. Klein.

Dwight H. Vincent, Beaumont, Smith & Harris, Detroit, Mich., for J. I. Case Credit Corporation.

FREEMAN, District Judge.

In this action concerning competing claims to property in receivership, J. I. Case Credit Corporation asserts a property interest in $19,604.34 of funds in the hands of the receiver, claiming that these funds are trust funds to which Case is entitled under the terms of the Uniform Trust Receipts Act, 14 M.S.A. § 19.535 (10), Comp.Laws 1948, § 555.410 [P.A. 1952 No. 19], formerly in effect in Michigan at relevant times. The United States Government asserts a priority to the funds under 31 U.S.C. § 191, which provides in pertinent part:

> "Whenever any person indebted to the United States is insolvent, * * the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases * * * in which an act of bankruptcy is committed."

The controversy between Case and the Government raises the issue of which statute governs the disposition of the particular funds in question.

M.S.A. § 19.535(10) provides in pertinent part:

"Where, under the terms of the trust receipt transaction, the trustee has no liberty of sale or other disposition, or, having liberty of sale or other disposition, is to account to the entruster for the proceeds of any disposition of the goods, documents or instruments, the entruster shall be entitled, to the extent to which and as against all classes of persons as to whom his security interest was valid at the time of disposition by the trustee, as follows:

\* \* \* \* \* \*

(b) To any proceeds or the value of any proceeds (whether such proceeds are identifiable or not) of the goods, documents or instruments, if said proceeds were received by the trustee within 10 days prior to either application for appointment of a receiver of [sic] the trustee, or the filing of a petition in bankruptcy or judicial insolvency proceedings by or against the trustee, or demand made by the entruster for prompt accounting; and to a priority to the amount of such proceeds or value; and also

(c) To any other proceeds of the goods, documents or instruments which are identifiable, unless the provision for accounting has been waived by the entruster by words or conduct; and knowledge by the entruster of the existence of proceeds, without demand for accounting made within 10 days from such knowledge, shall be deemed such a waiver."

Case contends that the applicable part of section 19.535(10) is subsection (c), concerning identifiable proceeds. This matter has been submitted to the Court on the premise that if Case is correct that section 19.535(10) (c) governs the disposition of the funds in question, a separate hearing will be held to determine whether, in fact, the proceeds are identifiable among other funds in the hands of the receiver.

The factual background of this controversy is as follows: Case Credit Corporation financed the sale of farm implements by B & H Equipment Company, a wholly owned subsidiary of Haddix & Sons, Inc., through the use of trust receipts, which provided that Case retained title to the farm implements to be sold by B & H and that the proceeds of sale were to be held in trust by B & H for Case. Despite the trust relation, B & H sold certain farm implements out of trust and converted the proceeds into its own account. Case contends that these proceeds came into the hands of the receiver on July 11, 1962, when the assets of Haddix & Sons and its subsidiary B & H Equipment Company were placed in receivership.

It is Case's position that the proceeds of sale out of trust did not become the property of the receiver, but remained trust property owned by Case according to section 19.535(10) (c). The Government contends that section 19.535(10) creates merely a priority or at best an unspecific lien on the proceeds in favor of the entruster, which is subordinated to the priority of the Government under 31 U.S.C. § 191.

In support of its argument that section 19.535(10) creates merely a priority, the Government relies on the case of In re Crosstown Motors, Inc., 272 F.2d 224 (CA 7, 1959). In the Crosstown case, the issue was whether the section of the Illinois Trust Receipts Act corresponding to M.S.A. § 19.535(10) (b) gave the entruster a lien on the general assets of a bankrupt or merely a priority in payment for the value of the proceeds from out of trust sales, where the proceeds were not identifiable. The Court held that the statute created only a priority ahead of general creditors upon insolvency of the trustee, and not a lien on the bankrupt's general assets for the value of the proceeds. The case is authority only for the construction of sub-

section (10) (b), upon which Case does not primarily rely in support of its position. The Crosstown case is not in point since the proceeds in that case were not identifiable and, therefore, the entruster was required to rely entirely on the section corresponding to (10)(b). However, in the instant case, where it is assumed for purposes of this claim that the proceeds are identifiable, the entruster is relying on subsection (10) (c), a statutory provision of the Uniform Trust Receipts Act which the Crosstown case does not construe Therefore, the Court's holding in Crosstown does not preclude the possibility that subsection (10) (c) creates something more for the entruster than a priority to identifiable proceeds.

In the case of In re Harpeth Motors, 135 F.Supp. 863 (M.D.Tenn.1955), relied on by Case, the Court held that the Uniform Trust Receipts Act in effect in Tennessee created a lien upon identifiable proceeds derived from the sale of entrusted goods, and also a lien upon the trustee's other assets to secure payment of the value of the unidentifiable proceeds. The Court thereby construed the provisions of the Tennessee statute corresponding to (10) (b) and (10) (c) of the Michigan statute, and the Court's holding that the section corresponding to (10) (b) created a lien rather than a priority is directly contrary to the later holding of the Seventh Circuit Court of Appeals in the Crosstown case. The significant point, however, is that the Harpeth Motors case construes the language of (10) (c) to create a lien in favor of the entruster upon identifiable proceeds, while the Crosstown case does not construe the language of (10) (c) at all.

The language of (10) (c) will not support a construction that only a priority is intended, for unlike the language in (10) (b) upon which the Court in the Crosstown case relied, the language of (10) (c) does not contain the word "priority." Under (10) (c), the entruster is entitled to "any other proceeds of the goods, documents or instruments which are identifiable." The provision does not say

the entruster is entitled only to a priority as to identifiable proceeds. Therefore, this Court rejects the Government's argument that (10) (c) creates merely a priority for the entruster. The remaining possibilities are that the subsection creates a lien or an absolute ownership of the proceeds.

Assuming that the effect of (10) (c) is to create a lien on identifiable proceeds in favor of the entruster, the Government contends that such a lien is subordinated to the Government's claims as a result of the requirement of 31 U.S.C. § 191 that in an insolvency situation "the debts due to the United States shall be first satisfied." According to People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 375, 67 S.Ct. 340, 347, 91 L.Ed. 348 (1946), cited by the Government, a lien must be definite at the time of the appointment of the receiver as to the identity of the lienor, the amount of the lien and the property to which it attaches or else the Government has priority under section 191. "It is not enough that the lienor has power to bring these elements, or any of them, down from broad generality to the earth of specific identity." The Government argues that it has a priority to the proceeds in the instant case under section 191 because the entruster's alleged lien under (10) (c) was not specific as to the property to which it attached, in that the proceeds, although identifiable, had not been in fact *identified* at the time of the appointment of the receiver.

This argument of the Government has considerable force if its premise is accepted that the effect of (10) (c) is to create a lien in favor of the entruster rather than a property right. However, if the contention of Case is accepted that subsection (10) (c) creates a property right to the proceeds for the entruster, the argument is irrelevant.

In support of its contention, Case relies on Commercial Credit Corporation v. Bosse, 76 Idaho 409, 283 P.2d 937 (1955), a case construing the Uniform Trust Receipts Act in effect in Idaho and identical to the Act in Michigan.

In this case, the Court held that the entruster's interest in identifiable proceeds of sales out of trust was a property interest not subject to federal tax liens to secure taxes owed by the trustee. The Court construed the statutory provision corresponding to (10) (c) as follows:

"Under the statute respondent is entitled, to the extent of its security interest, to the proceeds of the sale. *Its interest therein is a property interest and not a lien.*

\* \* \* \* \* \*

"The proceeds of the sale of the Nash car being identifiable, we are not called upon herein to determine the nature of the entruster's rights to the value of proceeds of a sale by the trustee where the proceeds are not identifiable.

"Having determined that *the security interest of respondent in the funds held* by appellant sheriff *is a property right,* it follows that respondent was entitled to maintain its action in claim and delivery to recover such proceeds. Such property right was at all times present in such proceeds and is unaffected by any of the tax liens òr attachment liens of appellants against the property of Bosse Motor, Inc." (Emphasis added.)

Further, in Hamilton National Bank v. McCallum, 58 F.2d 912, 914 (CCA 6, 1932), a case construing common law trust receipts not regulated by statute, the Court held that proceeds from sales became the property of the entruster, not the trustee.

 In the opinion of this Court, the intention of M.S.A. § 19.535(10) (c) was to create a property interest in favor of the entruster in the identifiable proceeds of sales out of trust. This conclusion is based not only on the authority of the Bosse case, but the language of the statute itself. Section 19.535(10) provides that where the trustee has no liberty of sale without accounting to the entruster for the proceeds, "the entruster shall be entitled, to the extent to which and as against all classes of persons as to whom *his security interest* was valid at the time of disposition by the trustee," to identifiable proceeds of sales out of trust. Section 19.535(1), Comp. Laws 1948, § 555.401 [P.A.1952, No. 19] defines "security interest" as "a property interest in goods, documents or instruments, limited in extent to securing performance of some obligation of the trustee or of some third person to the entruster, and includes the interest of a pledgee, *and title,* whether or not expressed to be absolute, whenever such title is in substance taken or retained for security only." According to Case, under the terms of the trust receipts, Case retained title in the farm implements to be sold by B & H and the proceeds of sale were to be held in trust by B & H for Case. Thus Case had a security interest including title to the farm implements. The Government makes no claim that the farm implements would have become the property of the receiver if they had not been sold. It is clear that Case's security interest in the farm implements would have been valid as against the receiver. If then Case had title to the farm implements, Case also has title to the identifiable proceeds of the sale out of trust according to § 19.535 (10) (c), and therefore the proceeds never became assets of the debtor which the receiver would be entitled to distribute to creditors. It is clear that the Government's right of priority under 31 U.S.C. § 191 extends only to the debtor's own property, not the property of someone else. United States v. Menier Hardware No. 1, Inc., 219 F.Supp. 448 (W.D. Tex.1963).

 The Government in its final brief argues that section 19.535(10) (c) is inapplicable to the instant case because subsection (10) (c) deals only with a noninsolvency situation. However, the Government cites no authority in support of this position, which is refuted by the language of the statute itself. Subsection (10) (b) entitles the entruster to any proceeds received by the trustee

within ten days before insolvency proceedings or a demand for accounting, and subsection (10) (c) entitles the entruster to *"any other proceeds* of the goods, documents or instruments which are identifiable." Subsection (10) (c) places no restriction on the entruster's right to identifiable proceeds so as to entitle him to the proceeds only in a noninsolvency situation. For example, the entruster would clearly be entitled under subsection (10) (c) to identifiable proceeds received by the trustee more than ten days before insolvency proceedings were initiated.

In summary, the Court holds that M.S.A. § 19.535(10) (c) creates a property interest in favor of the entruster, J. I. Case Credit Corporation, as to identifiable proceeds of sales of farm implements out of trust by B & H Equipment Company, a wholly owned subsidiary of Haddix and Sons, which is now in receivership. Since Case, under subsection (10) (c), has title to the proceeds, 31 U.S.C. § 191, under which the Government asserts a priority to the proceeds, is inapplicable to the instant case. The Government's priority attaches only to assets belonging to the debtor in the hands of the receiver. As the Court stated in Hobart v. Vanden Bosch, 256 Mich. 686, 692, 240 N.W. 1, 3 (1932):

> "It is elementary that upon taking possession a receiver acquires no better title to property found in the hands of an insolvent than the latter had when the receiver was appointed."

Since identifiable proceeds of sales out of trust were not assets belonging to the debtor, the Government could obtain no priority in their disposition, under 31 U.S.C. § 191.

The Court having resolved the competing claims of Case and the Government in favor of Case, assuming that the proceeds of sales out of trust by B & H Equipment Company are identifiable, a separate hearing will be scheduled to determine whether the proceeds are in fact identifiable.