LYNES *v.* J. R. HEINEMAN AND SONS, INC.

1. CONTRACTS—CONSTRUCTION—FINDING OF TRIAL COURT—EVIDENCE.
Finding of trial court in construction subcontractor's nonjury
action against principal contractor that parties had agreed
that plaintiff would do certain work for $8,485, as claimed by
plaintiff, rather than for $5,100, as claimed by defendant,
*held*, not clearly against the preponderance of the evidence,
hence, not reversible.

2. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PREPON-
DERANCE OF EVIDENCE.
The Supreme Court will not reverse a trial court on a finding of
fact in a nonjury case unless the evidence clearly preponderates
against the finding.

Appeal from Saginaw; Huff (Eugene Snow), J.
Submitted April 5, 1961. (Docket No. 15, Calendar
No. 48,416.) Decided June 28, 1961.

Action by Benjamin C. Lynes against J. R. Heine-
man and Sons, Inc., a Michigan corporation, for
sums due him as subcontractor on construction job.
Judgment for plaintiff. Defendant appeals. Af-
firmed.

*Gerald G. Danin,* for plaintiff.

*Curry & Curry,* for defendant.

SMITH, J.    The controversy here concerns the
terms of a contract. The plaintiff, who was engaged

REFERENCES FOR POINTS IN HEADNOTES
[1] 12 Am Jur, Contracts § 70.
[2] 3 Am Jur, Appeal and Error § 817.

in construction work, was a subcontractor on the school job we are to consider. The defendant, also engaged in the construction business, was the principal contractor for the job. The positions of the parties may be very simply stated. The plaintiff claims he agreed to do certain work for $8,485. The defendant, on the other hand, asserts that the agreed figure was only $5,100. In a suit for the difference between the 2 figures, plaintiff had judgment, and defendant is before us on a general appeal. It is the claim of the defendant that the judgment rendered by the trial court, sitting without a jury, is against the preponderance of the evidence, in fact that there was a "total" lack of evidence to sustain the judgment, and that the court erred in denying defendant's motion for a new trial.

The original successful bidder for the work (ultimately performed in large part by plaintiff) was the Grand Rapids Tile & Mosaic Company, which had bid $24,126 to furnish "the hard and soft tile work." Press of work, however, prevented their undertaking the job and defendant was forced to contract elsewhere. The Venice Tile & Mosaic Company was found to do a portion of the work, the hard tile work, for which it was paid the sum of $16,500. This figure, the trial court observed in his opinion, added to the figure claimed by plaintiff as his agreed-upon price for the balance of the work ($8,485), together with extras, totaled $25,451.58, only $1,325.58 more than the original Grand Rapids bid.

In addition to other evidence, the trial court considered the testimony of those experienced in the business as to the probability or improbability of either bid (see *Berry* v. *Dalman,* 335 Mich 646), as a result of which he concluded that "it appears highly improbable that plaintiff would have agreed to do this job for $5,100, a figure that was less than his

actual cost and which would have required an increase of $3,385, or over 65%, for plaintiff to have earned what he and his witness Andrew Wampler testified was a fair profit on the transaction."

Appellant makes much of an argument concerning the date of printing of a memorandum pad from the desk of Walter P. Wilkins who, for defendant, conducted negotiations with plaintiff, asserting that the pad was not even in existence at the time plaintiff testified he made certain notations upon it. Plaintiff, on the other hand, points to an exhibit as proof indicating that the defendant "had access to the same type of pads before January, 1957, even though the defendant claims they were not available." There are other details of the transaction in dispute, and evidence, pro and con, with respect thereto. After a consideration thereof the trial court concluded that "the parties here entered into a binding contract under which plaintiff agreed to do certain specified work for an agreed price of $8,485."

We do not, in a law case tried without a jury, reverse unless the evidence clearly preponderates against the finding of fact of the trial court. *Houghton* v. *Roberts,* 357 Mich 223. We cannot here so conclude.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.