### SILLER v. LAITILA.

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVI-
   DENCE.

> Decision of circuit judge in nonjury case arising out of collision
> between southbound car driven by plaintiff's decedent and
> defendant's northbound car on Christmas eve that defendant's
> negligence was the proximate cause of the decedent's injuries
> and death and that latter had not been guilty of contributory
> negligence, based upon evidence adduced and not upon pre-
> sumption of due care on part of decedent *held,* not contrary
> to the preponderance of the evidence in record containing
> evidence that debris was all in southbound lane, that defend-
> ant's car had crossed the double yellow line and struck dece-
> dent's car at an angle, that defendant had partaken of in-
> toxicating liquor in the afternoon, and that for some reason
> he was inattentive to possible traffic hazards.

2. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVI-
   DENCE.

> The Supreme Court does not reverse the determination of the
> trial court in a nonjury action of tort, where the evidence
> is conflicting unless the testimony clearly preponderates
> against the judgment rendered.

Appeal from Houghton; Brennan (Leo J.), J. Submitted April 16, 1963. (Calendar No. 36, Docket No. 49,438.) Decided June 3, 1963.

Case by Angela S. Siller, executrix of the estate of Michael C. Siller, deceased, against Carl Laitila for damages arising from the death of her husband

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 7, 8, Am Jur 2d, Automobiles and Highway Traffic §§ 369–
    379, 891 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 839–845.

in an automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*Richard J. O'Brien* and *Joseph M. Donnelly,* for plaintiff.

*Charles M. Humphrey, Jr.,* and *Lawrence F. Weis,* for defendant.

CARR, C. J. This case has resulted from an automobile accident occurring on M-26 in Houghton county at approximately 7:30 in the evening of December 24, 1957. At the time plaintiff's decedent was driving a 1953 Chrysler automobile in a southerly direction on said highway between the city of Houghton and the village of South Range. Defendant Laitila was operating a 1956 Ford car in a northerly direction on M-26. At a point approximately 1 mile north of said village the 2 cars met on a curve in a collision that resulted in the death of Michael Siller. Following the accident defendant's automobile was facing in a westerly direction across the center line of the highway, which was marked by dual yellow lines. The Siller car was on the west side of the road, and plaintiff's decedent was lying on the right side thereof with his feet on the running board. The injuries received by him resulted in his death.

Plaintiff brought suit for damages, claiming that the collision between the automobiles resulted from negligence on the part of defendant in that he drove his car across the center line of the road and upon the left hand side thereof, thereby causing the collision. Plaintiff further asserted in her declaration that defendant failed to make proper observations as to the approaching Siller car and to drive his automobile in a reasonably careful and prudent

manner. Defendant by answer denied all allegations
of negligence on his part, and by way of affirmative
defense asserted that the accident occurred as a
result of negligence on the part of plaintiff's de-
cedent.

The case was tried before the circuit judge with-
out a jury. After listening to the proofs of the
parties the judge filed an opinion holding that de-
fendant was guilty of negligence as charged against
him, and that such negligence was the sole proxi-
mate cause of the accident and of the death of plain-
tiff's decedent. Judgment in the sum of $10,000 in
plaintiff's favor was entered in accordance with the
findings of the court. Defendant's motion for a new
trial was denied and he has appealed, asserting
that the trial court was in error in finding him
guilty of negligence constituting a proximate cause
of the accident, and in further finding that plaintiff's
decedent was not guilty of contributory negligence.
It is further claimed by appellant that the trial judge
applied the presumption of due care on the part of
deceased in determining the issues in the case, and
that the weight of the evidence preponderated
against the factual findings.

The testimony offered by the witnesses on the
trial was somewhat conflicting. On behalf of plain-
tiff it was shown that the debris resulting from the
collision was on the west side of the center line of
the road, in approximately the middle of the lane
for southbound traffic. Testimony was also offered
with reference to the damage done to the automobiles
as a result of the collision, the testimony, as it is
claimed, tending to support the plaintiff's theory
that defendant's Ford had crossed the center line
and struck the Siller car at an angle. There was
also proof that prior to the point of impact at
least the Siller car was operated on its own side of
the highway.

Testifying in his own behalf defendant Laitila insisted that he was driving at the time of the occurrence in question in his proper lane of traffic. In some respects, however, his testimony lacked clarity, and indicated either a lack of proper observations immediately preceding the collision, or perhaps a failure to remember exactly what occurred. In the course of his examination he was asked the following questions, and gave the answers indicated:

"*Q.* Do you recall putting on your brakes at all after you came up to that curve and before the collision?

"*A.* Well, like I say, when I first came around the corner and noticed the other automobile coming about half a block away, that's when I applied my brakes, and then, like I say, I wasn't paying too much attention to the other car and when I realized there was going to be an accident, or the possibility of one, it was too late. * * *

"*Q.* Do you recall, Mr. Laitila, what part of your car and what part of the Siller car collided?

"*A.* No, I don't. * * *

"*Q.* At the time of the impact do you remember whether or not the Siller headlights were coming at you or went behind you?

"*A.* I don't recall."

Testimony was introduced to show that during the afternoon, and shortly preceding the accident, defendant had partaken of intoxicating liquor. He denied that he was intoxicated at the time the accident occurred, and there is no direct proof that he was in that condition. However, his admitted failure to pay reasonable attention to an automobile approaching him on a curve suggests that for some reason he was inattentive to possible traffic hazards. It is of some significance that no claim was made by him that his insistence that he was on his proper side of the road was based on an actual observation

of the dual yellow lines marking the center of M-26. He further indicated that a portion of the road on which he was driving was covered with ice or snow, or both, and that he could not determine where the edge of the blacktop pavement was located.

After discussing the testimony in the case the trial judge concluded that:

"The defendant has failed to meet the burden of proof by a preponderance of evidence establishing any act whatsoever of contributory negligence by Michael Siller, decedent.   *   *   *

"It is the opinion of the court under the facts and circumstances shown and described in the testimony that the plaintiff has met the burden of proof by a preponderance of evidence showing that defendant was negligent, and that his negligence was the proximate cause of Michael Siller's injuries and death."

It thus appears that the decision of the circuit judge was based on his conclusions drawn from the proofs introduced before him. He had an opportunity to see and hear each witness and to evaluate the testimony thereof. While, as counsel for defendant mentions, he made reference to the presumption of due care on decedent's part, it does not appear that in the decision of the case such presumption was weighed against positive proofs. In cases of this character in which the judge is the trier of the facts this Court does not reverse unless the testimony clearly preponderates against the judgment rendered. *Karpp v. Royer,* 362 Mich 64; *Lynes v. J. R. Heineman and Sons, Inc.,* 363 Mich 276. Such principle is applicable in the present case.

The judgment from which the appeal has been taken is affirmed.

Dethmers, Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.