PORT HURON TOWNSHIP PARK COMMISSION *v.* BLUSKA.

1. ADVERSE POSSESSION—QUESTION OF FACT.
   Adverse possession is a question of fact.

2. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PRE-
   PONDERANCE OF EVIDENCE.
   The finding of fact in a nonjury case will not be reversed on appeal unless the evidence clearly preponderates against the finding by the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur 2d, Adverse Possession § 1.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 3 Am Jur 2d, Adverse Possession § 253.
   4 Am Jur 2d, Appeal and Error § 76.
   5 Am Jur 2d, Appeal and Error § 839.

3. EJECTMENT—FINDING OF FACT—PREPONDERANCE OF EVIDENCE—
  ADVERSE POSSESSION.
    Finding by trial court in nonjury action for ejectment that de-
    fendant had established adverse possession *held*, supported by
    substantial evidence, and not against the preponderance of the
    evidence.

Appeal from St. Clair; Kane (Edward T.), J. Submitted Division 2 June 8, 1965, at Lansing. (Docket No. 260.) Decided November 15, 1965.

Declaration by Port Huron Township Park Commission, a statutory park commission, against William Bluska to eject defendant from certain lands claimed by adverse possession. Judgment for defendant. Plaintiff appeals. Affirmed.

*William V. Simpson,* for plaintiff.

*Davidson, Osborn & Staiger,* for defendant.

QUINN, J. Plaintiff filed action in ejectment to obtain possession of certain land in the township of Port Huron, St. Clair county, on the basis of fee title. Defendant contested on the basis of title by adverse possession. The trial court held that defendant established adverse possession and judgment entered accordingly.

On appeal, plaintiff lists six questions in its statement of questions involved, but it is the opinion of this Court that there is only one question involved, namely: does the record clearly preponderate against the finding of the trial court on the question of adverse possession?

Adverse possession is a question of fact. *Yatczak* v. *Cloon* (1946), 313 Mich 584. The trial court heard the case without a jury. Unless the evidence clearly preponderates against the finding by the trial court, it must be affirmed. *Lynes* v. *J. R. Heineman and*

*Sons, Inc.* (1961), 363 Mich 276. The evidence does not so preponderate here; in fact, the record contains substantial evidence to support the finding of the trial court.

Affirmed, with costs to defendant.

J. H. GILLIS, P. J., and T. G. KAVANAGH, J., concurred.