### BILL *v.* BROWN.

1. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—PREPONDERANCE OF EVIDENCE.

   The finding of fact in a nonjury case will not be reversed on appeal unless the evidence clearly preponderates against the finding by the trial court.

2. VENDOR AND PURCHASER—NONTRANSFER OF LIQUOR LICENSE—REFUND.

   Finding for plaintiff by trial court in nonjury action by would-be purchaser of a liquor license to recover amount paid under memorandum agreement stipulating for refund thereof if through no default or misrepresentation in the terms and conditions by the parties, the State liquor control commission failed or refused to transfer the license to the purchaser *held*, not against the clear preponderance of the evidence.

Appeal from Wayne; Bowles (George E.), J. Submitted Division 1 December 7, 1965, at Detroit. (Docket No. 681.) Decided March 9, 1966. Leave to appeal denied by Supreme Court May 23, 1966. See 377 Mich 710.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 76.
[2] 30 Am Jur, Intoxicating Liquors § 167 *et seq.*

Declaration, in common pleas court for the city of Detroit, by Peter Bill, Sr., against Roy H. Brown, doing business as Roy H. Brown & Company, Earl Taylor, and Ruth Taylor for return of down payment made on purchase of business owned by defendants. Judgment for plaintiff. Prior to inauguration of Court of Appeals, defendants appealed to circuit court. Affirmed. Defendants appeal. Affirmed.

*John R. Jones,* for plaintiff.

*Bernard J. Fieger,* for defendants.

WATTS, P. J. Plaintiff Peter Bill, Sr., sued in common pleas court for the city of Detroit for $2,500. This was the amount paid to defendants Brown and Taylor on or about December 15, 1962, as down payment on a bar plaintiff wanted to purchase from defendants. On January 28, 1963, a memorandum agreement was executed between the parties, the important provisions of which, for the purposes of this appeal, are as follows:

"If through no default or misrepresentation in the terms and conditions hereof, by the parties hereto, the Michigan liquor control commission fails or refuses to transfer the license to the purchaser * * * all of the money paid under this agreement shall be refunded forthwith to the purchaser."

The Michigan liquor control commission did not grant the transfer of the license. The defendants refused to return the down payment, holding it as liquidated damages under the agreement and claiming that the plaintiff had defaulted and made misrepresentations to the liquor control commission.

The common pleas court found for the plaintiff, saying:

"The court finds as a matter of fact that there was no default or misrepresentation in the terms and conditions by the plaintiff, and the court cannot find that the Michigan liquor control commission refused to approve the sale because of any default or misrepresentation on the part of the plaintiff. Accordingly, the court will enter a judgment for the plaintiff in the sum of $2,500."

On appeal, the circuit court affirmed the judgment of the common pleas court.

In *Port Huron Township Park Commission* v. *Bluska* (1965), 1 Mich App 599, this Court said:

"The trial court heard the case without a jury. Unless the evidence clearly preponderates against the finding by the trial court, it must be affirmed. *Lynes* v. *J. R. Heineman and Sons, Inc.* (1961), 363 Mich 276. The evidence does not so preponderate here; in fact the record contains substantial evidence to support the finding of the trial court."

Directly on point and in accord with the above statement of the law by this Court are three excellent opinions from our Supreme Court, all of which appear in volume 348 of the Michigan Reports. They are as follows: *Schneider* v. *Pomerville* (1957), 348 Mich 49; *Northwest Auto Company* v. *Mulligan Lincoln-Mercury, Inc.* (1957), 348 Mich 279; and *Barnes* v. *Beck* (1957), 348 Mich 286.

The instant case was tried in common pleas court for the city of Detroit, reviewed in Wayne circuit court before the inception of the Court of Appeals on January 1, 1965, and reviewed again by this Court. We have thoroughly gone through the record and fail to find that the evidence clearly preponderates against the findings.

Judgment for plaintiff affirmed. Costs to plaintiff.

BURNS and J. H. GILLIS, JJ., concurred.