## ADAIR *v.* THOMS.

1. PLEADING—COURT RULES—AMENDMENT.
    The court rules permit amendment of pleadings, even after judgment, to conform to the evidence and to raise issues not raised by the pleadings when those issues "are tried by express or implied consent of the parties" (GCR 1963, 118.3).

2. APPEAL AND ERROR — AMENDMENT — PLEADING — CONTRIBUTORY NEGLIGENCE.
    Denial by trial court of motion to amend pleadings after judgment to conform to the evidence to permit defendant motorist to plead the affirmative defense of contributory negligence on the part of plaintiff injured pedestrian *held,* proper, where record shows that the issue of contributory negligence was expressly opposed by plaintiff.

3. PLEADING—AMENDMENT—PREJUDICE—EVIDENCE.
    The court rule relative to amendment states that, if an objection is made to the introduction of evidence on issues not specifically pleaded, amendment shall not be allowed unless the moving party satisfies the court that amendment and admission of the evidence would not prejudice the objecting party in maintaining his action or defense, and the rule does not require that an objection be made to the introduction of such evidence to negative consent (GCR 1963, 118.3).

4. AUTOMOBILES—NEGLIGENCE—PEDESTRIANS—RECORD.
    Finding of trial court that defendant motorist was guilty of negligence in striking plaintiff aged pedestrian who was crossing a 6-lane street *held,* supported by the record.

Appeal from Common Pleas court of Detroit; Rodgers, Jr. (Julian P.), J. Submitted Division 1

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleadings § 297.
[3] 38 Am Jur, Negligence § 284; 41 Am Jur, Pleadings § 296 *et seq.*
[4] 7 Am Jur 2d, Automobiles and Highway Traffic § 393 *et seq.*

May 11, 1966, at Detroit. (Docket No. 751.) Decided November 22, 1966.

Declaration by John Adair against Douglas H. Thoms for damages resulting from injuries received by plaintiff when he was struck by defendant's automobile while crossing a street. Judgment for plaintiff. Defendant appeals. Affirmed.

*Marilynn J. Balardo,* for plaintiff.

*Arthur W. Mitchell,* for defendant.

T. G. KAVANAGH, J. This appeal is from a judgment for plaintiff entered in common pleas court of the city of Detroit in a personal injury action arising out of a pedestrian-automobile collision.

The accident occurred about 7:25 a.m. on March 25, 1964, in front of the Detroit Produce Terminal near the intersection of Fort and Central streets in the city of Detroit. Plaintiff, an elderly employee of the Detroit Fruit Housing Company, was struck by defendant's automobile while in the inside or in the left-turn lane of eastbound traffic as he was walking north across Fort street.

The parties were the only witnesses who testified at the trial. Their testimony in all material respects was contradictory.

Plaintiff testified that before crossing the street he looked both ways and saw eastbound traffic approaching in the curb and center lanes about 150 feet west. He said he walked across the first 2 lanes safely and defendant's car suddenly moved into the third lane and struck him. He said he did not see defendant's car until he was in the third lane and he did not hear any car horns sound. Plaintiff testified he crossed the street cautiously in a straight

line, at a good pace, observing traffic in each lane as he crossed and he never took his eyes off the road.

On the other hand, defendant testified he had been in the third lane ever since he turned right into Fort street from West End street about 3 blocks before the point of impact. He said he first saw plaintiff about 150 feet away. Defendant then stated his version of what occurred next:

"*A.* Well, when I seen him, he was walking with his head down. He had just started to the first lane. I was slowing down, and I blew my horn, and he looked up and took one look at me and ran at an angle across all three lanes, and I swerved to my left, and by the time I stopped, I nudged him just as he was into the—in the left-turn lane. I was in the left-turn lane, too, trying to swerve to avoid him."

Contributory negligence was not raised in defendant's answer as an affirmative defense.

Following entry of judgment for plaintiff, defendant moved under GCR 1963, 118.3 to amend his pleadings to conform to the evidence. The trial court denied the motion, and this denial is the crux of defendant's appeal.

After reviewing the record, we find no error in the lower court's denial of the motion to amend.

Rule 118.3 permits amendment of pleadings, even after judgment, to conform to the evidence and to raise issues not raised by the pleadings when those issues "are tried by express or implied consent of the parties." It cannot be said that the issue of contributory negligence was tried by the consent of the parties in this case. In fact, the record shows that trial of the issue was expressly opposed.

At trial, midway through cross-examination of the first witness, the plaintiff, counsel for defendant moved for a directed verdict.

"Your Honor, at this time, on the basis of the plaintiff's testimony, I would like to ask this Court for a directed verdict on the basis that he has not established any negligence on the part of the plaintiff [defendant?], and he most certainly has indicated contributory negligence on his own part.

"*The Court:* You have not alleged contributory negligence, counsel, as an affirmative defense.

"*Defense counsel:* I will substantiate my motion on the basis that he has not indicated any negligence on the part of my client, Your Honor."

After plaintiff rested, counsel for defendant renewed his motion for a directed verdict.

"Well, Your Honor, at this time I would like to make a motion or renew my motion that a verdict of no cause of action be granted in favor of the defendant in this case on the basis that the plaintiff in her [his?] proofs so far has failed to prove any negligence on the part of the defendant. She [He?] has further proved, or the facts tend to prove, that the defendant [plaintiff?] was negligent as a matter of law, that it was his negligence that caused this accident, based on the Michigan case law."

Counsel for plaintiff replied in part: "There is no issue of contributory negligence, as the Court knows, in this case."

Defendant's counsel then stated:

"Well, Your Honor, there is no evidence and there is no testimony that the defendant did anything but as a reasonable prudent man would do under the circumstances. He was well within the speed limit, and his car was under control at all times, and that's the only testimony we have before the Court."

The motion for directed verdict was denied.

Following the close of proofs, the court delivered its decision, saying, in pertinent part:

"The question of contributory negligence, which.is a valid defense, that is, if the plaintiff in any way has done anything which might constitute negligence which contributed to the accident or injury, would not be allowed to recover. However, under the rules of law, it must be specifically pled and must be proven by the defendant. In this particular instance, there is no affirmative defense that the plaintiff was contributorily negligent and that the acts of the plaintiff contributed to the damage which he received."

Thereupon, the court awarded plaintiff judgment for $500 on the findings that "there was negligence on the part of the defendant, that it was a proximate cause of the damages sustained."

In his motion to amend, as authority for amendment, defendant cited *Kevreson* v. *Michigan Consolidated Gas Co.* (1965), 374 Mich 465, which held that amendment after judgment should have been allowed where the issue of contributory negligence was "impliedly tried."

However, in the present case, the issue of contributory negligence was not tried expressly or impliedly by consent of the parties. Defendant twice retreated from this defense when he was reminded that it was not in issue and then, instead, elected to base his motion for directed verdict on alleged failure of proof of negligence. In addition, plaintiff expressly objected to the motion based on that defense. Finally, the court did not "decide that issue on the proofs as taken," as did the trial court in the *Kevreson Case.*

In his brief, defendant argues that Rule 118.3 indicates that "there must be an objection on the part of the opposite party to the introduction of proofs and testimony on issues not specifically pled, without such objection such issues are considered as being tried." Rule 118.3 does not require that

an objection be made to the introduction of evidence on issues not specifically pleaded. Rather, it states that, *if* an objection is made to such evidence, amendment shall not be allowed unless the moving party satisfies the court that amendment and admission of the evidence would not prejudice the objecting party in maintaining his action or defense.

Defendant also contends on appeal that the finding of negligence was erroneous. Our review of the testimony, giving special regard to the opportunity the trial court had to evaluate the credibility of the 2 witnesses, does not persuade us that the finding of negligence was clearly erroneous. GCR 1963, 517.1. See *Kevreson* v. *Michigan Consolidated Gas Co.* (1965), 374 Mich 465, note at 467; *Bill* v. *Brown* (1966), 2 Mich App 455.

The judgment of the common pleas court is affirmed. Appellee may tax costs.

LESINSKI, C. J., and RASHID, J., concurred.