TAFELSKI v. PETTYPOOL

1. TRIAL—AMENDMENT TO PLEADINGS—CONFORMING PLEADINGS TO PROOF—AFFIRMATIVE DEFENSE—SURPRISE TESTIMONY.

Trial court's granting of defendant's motion over plaintiff's objection, to amend his pleadings to assert the affirmative defense of sudden emergency after testimony by defendant that the road was icy when the accident occurred and after both parties had rested their cases, was error where defendant's testimony was a surprise to plaintiff and he had not been put on notice that he would have to refute such a defense.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading §§ 294, 304.

2. Same—Amendment of Pleadings—Objection—Issue—Surprise.
    Failure of plaintiff's counsel in an automobile negligence action
    to object to the testimony of defendant as to the icy condition
    of the road at the time of the accident, which defendant failed
    to plead or mention at pre-trial, does not mean that the plain-
    tiff gave the requisite consent to try the issue of sudden emer-
    gency as if it had been raised in the pleadings, where defend-
    ant's testimony surprised plaintiff and apparently was not
    anticipated by counsel for either side, and plaintiff objected
    to defendant's motion to amend his pleadings to include the
    affirmative defense of sudden emergency (GCR 1963, 118.3).

Appeal from Wayne, Farmer (Charles S.), J.
Submitted Division 1 April 8, 1968, at Detroit.
(Docket No. 4,213.) Decided January 31, 1969.
Leave to appeal denied July 22, 1969. See 382
Mich 770.

Complaint by Frank R. Tagelski against Raymond
Pettypool for automobile negligence. Verdict and
judgment for defendant. Plaintiff appeals. Re-
versed and remanded for new trial.

*Albert Best,* for plaintiff.

*Sullivan, Sullivan, Hull & Ranger (Richard G.
Ward,* of counsel), for defendant.

PRATT, J. This automobile negligence case was
tried to a jury which returned a verdict of no cause
of action. The plaintiff claimed that he suffered
physical injury as a result of defendant's negligence
in striking the plaintiff's vehicle in the rear while
plaintiff was stopped for a traffic signal on Fort
street in Detroit on March 20, 1964.

The plaintiff asserts that the trial court erred in
permitting the defendant to amend his pleadings
during the course of the trial, after both parties

rested, to include the affirmative defense of sudden emergency.

Defendant's counsel was prompted to move for the amendment of his pleadings as a result of the testimony originally elicited from the defendant by plaintiff's counsel who had called defendant as an adverse party witness. In response to a general question regarding the condition of the pavement, the defendant said:

"It was raining, not hard, but rather a drizzle, and it was freezing on the pavement earlier. As I progressed away from downtown the street became less slippery because of the fact that at that time the pavement was colder than the rain falling on it and the rain was initially freezing. As I proceeded on west, the pavement became less and less slippery because of the cars moving over the pavement and the accumulation of water. The area in which the accident occurred was absolutely icy. Do you remember when you were a kid    *    *    *."

Defendant further testified that he saw plaintiff's vehicle when it was at least 150 feet ahead, either stopped or slowing for the traffic signal, and applied his brakes when he was approximately 60 feet from plaintiff's vehicle, but an icy spot on the pavement caused his vehicle to slide into the rear of plaintiff's vehicle which had come to a complete stop.

It is agreed by the parties that before the testimony of defendant, there was no mention or indication of a defense of sudden emergency occasioned by an icy condition of the pavement. On the contrary, every indication was otherwise: the defendant's pleadings contained an affirmative defense of contributory negligence averring that plaintiff made an unnecessary stop when he could have proceeded through the traffic signal and were silent as to any allegation that the pavement was icy; the pretrial

statement reiterated this position; defendant's counsel prior to trial, during argument on a motion to consolidate the instant driver's case with the then pending passenger's case said,

"The only question before this court would be the contributory negligence  *  *  *  of the plaintiff driver  *  *  *  ",

and repeatedly referred to the alleged contributory negligence of the plaintiff driver and eventually stipulated to liability in the passenger's case; in his opening statement to the jury, defendant's counsel made only the following reference to liability:

"The accident facts of this case will show that it is a typical rear-end collision and we do not deny that we struck the rear end of Mr. Tafelski's automobile. The testimony will show from Mr. Pettypool how the accident occurred, and that we went into the rear of his car. It's up to you to determine whether or not we did it negligently. But as you will learn in the proofs of this case, as the testimony comes out, this is not the real issue.  *  *  *  Your decision on this will determine what the fault of the accident was, but as I say, this is not the main issue. The main issue here in this case is damages. And we will show in this case that this collision took place, a rearend, routine, collision, and Mr. Tafelski was driving the car, as they say, and Miss Sherwood, who was then his fiancé, was in the car, and they were planning on going out to dinner."

Plaintiff's counsel made no objection to the testimony of the defendant, at the time it was given, regarding the icy condition. At the conclusion of defendant's testimony, both sides rested (the defendant called no witnesses) and defendant's counsel moved to amend his pleadings to include the affirmative defense of sudden emergency based on that testimony. Over plaintiff's objection, the court

permitted the amendment and subsequently, again over plaintiff's objections, instructed the jury on the doctrine of sudden emergency.

It is certainly conceivable that the jury relied appreciably on the testimony and the instructions relating to sudden emergency in arriving at its verdict of no cause of action in a rear-end collision case. It is apparent on the record before us that the plaintiff could not and did not anticipate that an alleged icy condition was a causal factor in the collision. The surprise to plaintiff and the prejudice to his case on such a major issue are equally apparent. The plaintiff was, for example, effectively deprived of the opportunity to obtain weather data or other probative evidence with respect to road conditions on the night in question in an attempt to refute the testimony of defendant.

The question of amendment of pleadings to conform to the evidence is controlled by GCR 1963, 118.3 which provides as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Can it be said in this case that the issue of sudden emergency was tried by the express or implied con-

sent of the parties? We think not. Although objection to the evidence of the road condition was not made at the time, plaintiff's counsel did object when the motion to amend was made immediately after the testimony of defendant was concluded. This court has previously held that failure to object to the introduction of evidence does not necessarily result in the requisite consent. In *Adair* v. *Thoms* (1966), 5 Mich App 195, 199, 200, this court said:

"Rule 118.3 does not require that an objection be made to the introduction of evidence on issues not specifically pleaded. Rather, it states that, *if* an objection is made to such evidence, amendment shall not be allowed unless the moving party satisfies the court that amendment and admission of the evidence would not prejudice the objecting party in maintaining his action or defense."

We do not consider defendant's authorities as controlling in the case at bar. In *Wallace* v. *Kramer* (1941), 296 Mich 680, plaintiff was allowed to amend after he had submitted his proofs, the amendment being based on the defendant's testimony. The Supreme Court found that: "The attorneys for the defendant *could not have been surprised at the more elaborate statement in the amendments.*" (Emphasis supplied.) Such is not the case here where amendment constitutes an entirely new defense.

Other cases cited by defendant also contain findings that there was no surprise or findings that consent could be implied (*e.g., Zappia* v. *B & O Railroad Company* [1963], 312 F2d 62, where the amendment to include a defense of contributory negligence was allowed, the plaintiff not even making objection to the instruction on contributory negligence).

The trial court's dilemma in these proceedings can be easily understood and appreciated, for the most obvious conclusion that can be drawn is that neither counsel had anticipated the testimony regarding an icy spot on the pavement. The effect, of course, is that neither side could have its case fairly and fully presented to the jury unless the amendment were allowed and, in addition, unless plaintiff had an opportunity to obtain refuting evidence. Under such circumstances, we consider that a new trial should be granted based on the pleadings as amended with a reopening of the discovery period under such terms and conditions as the trial court may direct.

Other issues have been raised by plaintiff which we shall not consider in detail in view of our remand, particularly since those issues revolve around semantics more than around legal issues. It is presumed that on a new trial counsel and the court will give more attention to diction, cautionary directions and instructions.

The case is remanded for further proceedings in accordance with this opinion. Costs to abide final result.

HOLBROOK, P. J., and LEVIN, J., concurred.