LEAVENWORTH v MICHIGAN NATIONAL BANK

1. CONTRACTS—ORAL CONTRACTS—BURDEN OF PROOF—CLEAR AND
CONVINCING EVIDENCE.

A plaintiff must prove by clear and convincing evidence the
existence and provisions of an oral contract to leave certain
property upon the death of a promisor in return for services
rendered by the plaintiff promisee.

2. CONTRACTS—ORAL CONTRACTS—INFORMAL CIRCUMSTANCES—MEET-
ING OF THE MINDS—DEATH OF PROMISOR.

An oral contract to leave to another the estate of the promisor
upon the latter's death, will not be defeated, if genuine, by the
informal circumstances of its making; what is required is an
actual agreement, a contract, a meeting of the minds, not a
mere intention.

3. CONTRACTS—ORAL CONTRACTS—RELATIONSHIP OF THE PARTIES—IM-
PERFECT LANGUAGE.

The close relationship of the parties to an oral contract to lease
certain property upon the death of the promisor in return for
services rendered by the promisee will not in itself defeat
recovery in an action to enforce the terms of the contract
merely because the agreement is expressed in the imperfect
language of the home rather than in the precise words of the
scrivener.

4. APPEAL AND ERROR—TRIAL—COURTS—FINDINGS OF FACT—COURT
RULES.

Findings of fact by a court in a trial without a jury will not be set
aside unless clearly erroneous (GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 17 Am Jur 2d, Contracts §§ 6, 67, 68.
[4] 5 Am Jur 2d, Appeal and Error § 839.
  20 Am Jur 2d, Courts §§ 82–86.
  Power of court to prescribe rules of pleadings, practice, or proce-
  dure. 158 ALR 715.
[5–7] 20 Am Jur 2d, Courts §§ 84, 85.
  Power of court to prescribe rules of pleadings, practice, or proce-
  dure. 158 ALR 715.

5. PLEADING—COURT RULES—ISSUES—PARTIES—IMPLIED CONSENT OF
      PARTIES—AMENDMENT OF PLEADINGS—EVIDENCE—OBJECTION—
      PREJUDICE—CONTINUANCES.

    Issues not raised by the pleadings but tried by express or implied consent of the parties shall be treated in all respects as if they had been raised in the pleadings; in such cases an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; if evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits; the court may grant a continuance to enable the objecting party to meet such evidence (GCR 1963, 118.3).

6. TRIAL—PLEADING—COURT RULES—ISSUES—OBJECTION—PARTIES—
      IMPLIED CONSENT OF PARTIES.

    Failure to object to evidence on an issue not pleaded does not necessarily establish that the issue was tried by implied consent of the parties (GCR 1963, 118.3).

7. TRIAL—PLEADING—ISSUES—PARTIES—IMPLIED CONSENT OF PARTIES.

    An issue concerning a plaintiff's right to life insurance proceeds which was not raised by the pleadings was tried by implied consent of the parties where, even though plaintiff's complaint should have been more specific, it apprised the defendant of plaintiff's contract claim and the general circumstances surrounding the claim, plaintiff announced his intention to prove a contract involving the life insurance proceeds at the beginning of the trial, defendant, although noting the absence of this claim in the pleadings, in no way indicated an unwillingness to try the issue and neither claimed any prejudice from a trial on the issue nor requested a continuance, the trial proceeded with defendant participating on the claim, and defendant failed to object to evidence on the issue.

Appeal from Kent, John T. Letts, J. Submitted Division 3 February 7, 1975, at Grand Rapids. (Docket No. 18404.) Decided March 10, 1975.

Complaint by Beatrice Leavenworth against Michigan National Bank and Gordon B. Wheeler,

co-executors of the estate of Allmond G. Bowen, to enforce an oral contract to deed certain property and pay life insurance proceeds. Judgment for plaintiff. Defendant appeals. Affirmed.

*Phelps, Linsey, Strain & Worsfold, P. C.,* for plaintiff.

*Wheeler, Upham, Bryant & Uhl,* for defendants.

Before: BRONSON, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

M. F. CAVANAGH, J. Defendants, as co-executors of the estate of Allmond G. Bowen, appeal from the judgment in Kent County Circuit Court which ordered the estate to pay plaintiff $70,000 in insurance proceeds and to deed a certain property to plaintiff with the outstanding mortgage paid by the estate. The trial judge, sitting as trier of fact and law, held that the decedent had contractually promised the insurance proceeds and realty to plaintiff in return for services rendered by the plaintiff in the nearly ten years that they lived together. The testimony was undisputed on these points.

Defendant argues that the evidence was insufficient to show the existence of an oral contract to bequeath property and provide for insurance benefits for plaintiff. Plaintiff has a heavy burden of proving by clear and convincing evidence the existence and provisions of an oral contract to leave certain property upon the death of the promisor in return for services rendered by the promisee. See *Blackwell v Keys,* 353 Mich 212, 217–218; 91 NW2d 190 (1958), and *McDaniels v Schroeder,* 9 Mich App 444, 447; 157 NW2d 491 (1968).

However, it is well to remember the words of

Justice SOURIS in *Teason v Miles,* 368 Mich 414, 417–418; 118 NW2d 475 (1962):

"What has been said concerning the proponent's heavy burden in such cases, however, must be applied, not abstractly as hypothetical propositions of evidentiary law, but in the context of the circumstances of diminishing life which gave rise to the need for such contractual arrangements in the first place and in the subsequent context of the circumstances of their partial performance before death. While acknowledging our continuing insistence upon clear and convincing proof of an agreement, this Court speaking through Mr. Justice TALBOT SMITH in *Applebaum v Wechsler,* 350 Mich 636, 642, 643, expressed our frame of reference this way:

" 'We agree with the appellant that the law must scrutinize closely and with great caution oral contracts to leave to another, upon the promisor's death, the estate of the latter. There have been, however, many cases involving such agreements and the decisions are clear that the contract will not be defeated, if genuine, by the informal circumstances of its making. What we require is an actual agreement, a contract, a meeting of the minds, not a mere intention. Yet a contract may be expressed in many ways, ranging from the precision of skilled and suspicious counsel dealing at arm's length, to the inartistic agreements of those in domestic and filial relationship, evidenced not so much by the language of Williston as by opportunities forsaken and devotion bestowed beyond the normal conduct of similar parties so situated. In other words, the close relationship of the parties will not in itself defeat recovery merely because the agreements of such parties are expressed in the imperfect language of the home rather than the words of the scrivener. Such is our problem.' "

Our independent review of the record discloses substantial support for the trial judge's factual conclusions as to Allmond G. Bowen's promise to give the plaintiff the life insurance proceeds and

the property. Since these findings are not clearly erroneous under GCR 1963, 517.1, we conclude there was no error as to this issue. *McDaniels v Schroeder, supra.*

A more difficult problem is raised by plaintiff's failure to include the specific allegation in her pleadings that the decedent promised life insurance policies valued at $70,000 as part of the contract. The pre-trial statement likewise does not mention the insurance proceeds. The general request for all other equitable relief in the complaint is not sufficiently specific to satisfy the pleading requirements.

The question becomes whether the issue of the insurance agreement was tried by consent of the parties. GCR 1963, 118.3 provides:

Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

During plaintiff's opening statement, counsel stated his intent to prove that the decedent had promised to leave plaintiff $70,000 in life insurance proceeds. In defendants' opening statement, counsel noted that this promise was not included

in the pleadings. Neither at this time, nor at any other time did defendants object to the introduction of evidence on this claim. Defense counsel cross-examined witnesses concerning the life insurance policies.

Failure to object to evidence on an issue not pleaded does not necessarily establish that the issue was tried by implied consent of the parties under GCR 1963, 118.3. This principle was announced by Judge (now Chief Justice) THOMAS G. KAVANAGH in *Adair v Thoms,* 5 Mich App 195; 146 NW2d 81 (1966). However, that case is distinguished from the present one in that the opponent there expressly opposed trial of the issue throughout the proceedings. Likewise, the case of *Tafelski v Pettypool,* 15 Mich App 669; 167 NW2d 349 (1969), is not controlling since the plaintiff there had previously objected to defendant's motion to amend his pleadings to include an additional affirmative defense. Also, the issue was raised in *Tafelski* by the testimony of the defendant in the midst of trial.

We hold that the issue of the decedent's promise of the life insurance proceeds was tried by the implied consent of the parties. Although plaintiff's complaint should have been more specific, it did apprise the defendant of plaintiff's contract claim and the general circumstances surrounding the claim. Plaintiff at the beginning of the trial announced her intention to prove a contract involving the life insurance proceeds. Although noting the absence of this claim in the pleadings, defendant in no way indicated an unwillingness to try the issue. Nor did defendant either claim any prejudice from a trial on the issue or request a continuance. Instead, the trial proceeded on both the promise of the realty and of the life insurance

proceeds with defendant participating on both claims. Under these circumstances, added to the lack of objection, we conclude that the issue was tried by the implied consent of both parties.

Defendants also argue that there was insufficient evidence presented to support the trial court's finding that the decedent intended to convey the property unencumbered by the mortgage. Although there was limited evidence on this question, the trial judge, as finder of fact, concluded that since the purpose of decedent's promise was to provide financial security for the plaintiff, he must have intended that the property be conveyed free and clear of the mortgage. We do not find this determination clearly erroneous. *Johnson v Johnson,* 363 Mich 354; 109 NW2d 813 (1961).

We have considered other contentions of error raised by the defendant but find them to be without merit and to require no further discussion.

Affirmed.