SCHULTZ *v.* NICKEL.

1. COSTS—FAILURE TO SERVE COPY OF BOND.
    Omission by plaintiff to serve copy of bond for security for costs was an irregularity which did not justify dismissal of action.

2. Partnership—Filing of Certificate—Waiver—Pleading.

    Defense that plaintiff partnership had not complied with statute requiring filing of certificate showing names of persons composing it is treated as waived unless notice thereof is given with plea of general issue.

3. Same—Amendment—Dismissal.

    Where defense of plaintiff partnership's failure to file certificate showing names of persons composing it was not pleaded, it could not be made basis of motion to dismiss until plea was amended. ·

Case-made from Delta; Bell (Frank A.), J. Submitted June 6, 1930. (Docket No. 62, Calendar No. 35,056.) Decided June 27, 1930.

Assumpsit by Leo Schultz and Emil Schultz, doing business as Schultz Brothers, against P. J. Nickel, doing business as P. J. Nickel Company, for breach of contract. Plaintiffs review order granting motion to dismiss by case-made. Reversed and remanded.

*H. J. Rushton,* for plaintiffs.

*Charles M. Humphrey,* for defendant.

Sharpe, J. The facts, as settled for review on case-made, are, briefly, as follows:

The action is assumpsit, brought by plaintiffs to recover damages for breach of contract by defendant, under which plaintiffs claim to have performed certain work in fulfillment of a paving contract entered into by defendant with the State highway department. The summons was served on November 27, 1928. Defendant's appearance was entered on December 10th, and plaintiffs' declaration filed on December 11th. On December 27th defendant filed a motion for a bill of particulars and for se-

curity for costs. On January 11, 1929, a bill of particulars was filed. On May 21st defendant filed a plea of the general issue, with notice of set-off. On May 29th a bond for security for costs was filed. On June 10th, and again on August 23d, orders of continuance by consent were entered.

On December 28th defendant filed and served a motion to dismiss for the reasons:

1. That a copy of the bond for security for costs had not been served on his attorney.

2. That the plaintiffs, residents of Wisconsin, had not complied with the statute requiring them to file a certificate showing the names of the persons composing the partnership under which they were doing business.

This motion also contained the following:

"In case the foregoing motion to dismiss is denied, the defendant moves to file an amended plea in said cause, a copy of said proposed amended plea being hereto attached and made a part hereof."

When the motion came on to be heard on January 2, 1930, the plaintiffs filed the certificate above referred to. It is conceded that none was filed prior to the commencement of suit.

The trial court made the following order:

"In this cause motion heretofore filed being brought on to be heard and the court having considered the facts stipulated and argument of counsel and being fully advised in the premises, it is hereby ordered that the motion be granted and that the said defendant recover costs herein to be taxed."

1. The bond was not furnished pursuant to an order of the court. Its sufficiency as to form or surety is not attacked. The omission to serve a copy was an irregularity, which did not justify dismissal.

2. In *Turnbull* v. *Railroad Co.*, 183 Mich. 213, it was held that, unless notice of this defense be given with the plea of the general issue, it will be treated as waived by the defendant. This holding was cited with approval in *People* v. *Fidelity & Deposit Co.*, 232 Mich. 238, 244.

Defendant's counsel urges that in the motion to dismiss he asked leave to amend the plea so as to present this defense, and that, as the order entered states that his motion was granted, we should assume that he was given permission to amend the plea in this particular. Until the plea was so amended, it could not be made the basis of a motion to dismiss. The failure of defendant to take advantage of the omission of plaintiffs to file this certificate when he filed his plea and notice, and his consent to the continuances granted, must be treated as a waiver of his right to raise this defense.

The order of dismissal is reversed and set aside, with costs to plaintiffs, and the cause remanded for trial upon the merits.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.