E. A. PIERCE & CO. *v.* SAYERS.

1. APPEAL AND ERROR—STATEMENT OF QUESTIONS INVOLVED—QUESTIONS REVIEWABLE.

Consideration of matters on appeal is confined to sole question contained in statement of questions involved where appellant's brief discloses that, although numerous errors were made during the trial, he deems the one discussed in his brief as fatal, and court rule provides that ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved (Court Rule No. 67, § 1 [1933], as amended).

2. PARTNERSHIP—STATUTES—PLEADING.

Statute which provides that, where it is material or necessary to prove copartnership, plaintiff may serve an affidavit on defendant that plaintiffs were the persons comprising such partnership at time contract in question was made or cause of action accrued, which affidavit should be prima facie evidence of partnership unless affidavit of denial were filed, is limited to cases in which it is material or necessary to prove partnership and is inapplicable where partnership of stock brokers sought to recover certain commissions and advances (3 Comp. Laws 1929, § 14202).

3. PLEADING—PRESENTATION OF ISSUE—PARTNERSHIP.

The question of the composition of plaintiff copartnership was placed in issue by averment in declaration that plaintiffs were a copartnership, and defendant, in his answer, neither admitted nor denied such allegation but left plaintiffs to their proof (Court Rule No. 23, § 2 [1933], as amended).

4. SAME—PARTNERSHIP—AFFIRMATIVE DEFENSE.

Whether or not certificate of copartnership had been filed with the county clerk pursuant to statute is a matter of affirmative defense which must be pleaded in an action commenced by a partnership (2 Comp. Laws 1929, § 9929).

5. APPEAL AND ERROR—PLEADING—PARTIAL NEW TRIAL—PARTNERSHIP.

In action where question of composition of plaintiff partnership was put in issue by pleadings and defendant, at close of plaintiffs' case, filed motion to dismiss based upon plaintiffs' failure to prove composition of the partnership as well as fact that a certificate of partnership had not been filed with the county clerk as required by statute, while latter basis was a matter of affirmative defense, defendant was entitled to know who constituted the copartnership that claimed the right to a judgment against him and the court should have required plaintiffs to present such proof or, in the alternative, granted the motion to dismiss; hence, partial new trial granted pursuant to court rule is restricted solely to the issue of the composition of the copartnership and the reentry of such judgment as may be appropriate (2 Comp. Laws 1929, § 9929; Court Rule No. 47, § 2 [1933], as amended).

SHARPE, C. J., dissenting.

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 10, 1940. (Docket No. 27, Calendar No. 41,121.) Decided March 11, 1941.

Assumpsit by Edward A. Pierce and others, special partners doing business as E. A. Pierce & Company, a copartnership, against Howard Sayers to recover brokerage commissions and advances. Verdict and judgment for plaintiffs. Defendant appeals. Remanded.

*Matthew R. Kaplan,* for plaintiffs.

*Fred L. Warner,* for defendant.

BUSHNELL, J.   Plaintiffs, after a jury trial, had a judgment against defendant in the sum of $552.50. Defendant appealed on several grounds, but limits his "statement of questions involved" to the following:

"Is it necessary for plaintiffs, alleging that they were bringing the action as a partnership where no affidavit is filed with the declaration showing who the partners are, to prove the copartnership and the members thereof where the answer neither admits nor denies the copartnership, but leaves plaintiffs to their proof?"

Court Rule No. 67, § 1 (1933), as amended, concludes with this statement:

"Ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved."

Defendant says in his brief:

"Numerous errors were made during the trial. We feel, however, the one discussed is fatal and we will refrain from discussing the others."

We therefore confine ourselves to determination of the question stated.

Plaintiffs' declaration, filed January 4, 1934, states, in effect, that defendant had employed plaintiffs as stock brokers to execute certain orders on his account respecting the purchase and sale of securities, and that, as a result of certain transactions set forth in the bill of particulars, defendant is indebted to plaintiffs for certain commissions and advances.   Plaintiffs also declared upon the common

counts.   Defendant made a general denial of the claimed agreement and indebtedness.   No question as to the composition or existence of the copartnership was raised in defendant's answer.   In answer to plaintiffs' allegation that they were copartners, defendant said: "He neither admits nor denies the allegation * * * and leaves plaintiffs to their proof."

The matter was not brought to trial until May 25, 1939, more than five years after the cause was at issue.   At the close of plaintiffs' case defendant moved to dismiss on the grounds that plaintiffs failed to introduce proof of the composition of the copartnership, and that no certificate of copartnership had been filed with the county clerk as required by 2 Comp. Laws 1929, § 9929 (Stat. Ann. § 20.111). This motion was denied.   Later defendant produced a certificate of copartnership, filed with the county clerk on July 17, 1935, which contained names of partners different from those recited in plaintiffs' declaration.

Defendant now urges, in addition to the questions raised on his motion to dismiss, that failure to comply with the following statute is fatal to plaintiffs' action:

"In any suit or proceeding hereafter instituted in any of the courts of this State, wherein it shall become material or necessary to prove the copartnership of any firm or association the plaintiffs may cause to be served upon the defendant, with a copy of the declaration filed in the cause, or with the process by which suit is commenced, an affidavit stating that the plaintiffs were the persons comprising such partnership at the time the contract in question was made, or the cause of action accrued; and such affidavit shall be prima facie evidence of such existence of such partnership or association, unless the defendant shall file with his plea an affidavit deny-

ing the existence of such partnership or association." 3 Comp. Laws 1929, § 14202 (Stat. Ann. § 27.897).

The language of this statute is permissive and, by its own terms, is limited to cases in which "it shall become material or necessary to prove the copartnership." In some cases the relief sought requires plaintiffs to sustain the burden of proving the existence and nature of the partnership—for example, where a dissolution or accounting is sought. But we are not presented with such a case.

Defendant's statement in his answer placed in issue the question of the composition of the copartnership (Court Rule No. 23, § 2 [1933], as amended). Although his statement that a certificate of copartnership had not been filed with the county clerk is a matter of affirmative defense, which must be pleaded (*Turnbull* v. *Railroad Co.,* 183 Mich. 213; *People* v. *Fidelity & Deposit Co.,* 232 Mich. 238; and *Schultz* v. *Nickel,* 251 Mich. 273), defendant, under the pleadings, was entitled to know who constituted the copartnership that claimed the right to a judgment against him. The court should have required plaintiffs to present such proof or, in the alternative, should have granted defendant's motion to dismiss. For this reason, a partial new trial is granted under the provisions of Court Rule No. 47, § 2 (1933), as amended, but such partial new trial is restricted solely to the issue of the composition of the copartnership and the re-entry of such judgment as may be appropriate.

The cause is remanded for further proceedings in accordance with this opinion. Costs to appellant.

BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred with BUSHNELL, J.

Sharpe, C. J. (*dissenting*). I am not in accord with the opinion of Mr. Justice Bushnell. Plaintiffs filed a declaration alleging that they were copartners. They did not attach an affidavit as provided by 3 Comp. Laws 1929, § 14202 (Stat. Ann. § 27.897). The answer filed by defendant neither admitted nor denied the allegations of copartnership, but left plaintiffs to their proof. It is my opinion that under the pleadings in this case the burden was upon the plaintiffs to establish what they alleged. See *Klein* v. *Kirschbaum*, 240 Mich. 368. Defendant had the right to have the names of the parties bringing suit against him established on the record. A careful reading of the pleadings shows that the copartnership issue was involved. It was no surprise. Plaintiffs' failure to establish one of the essential elements of their case prevents recovery.

The judgment should be reversed, with costs to defendant.