MITCHELL-MORRIS & COMPANY, INC., *v.* SAMARAS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BRIEFS—MOTIONS AND ORDERS.

Where defendant made motions for directed verdict and for judgment *non obstante veredicto* and then for new trial but brief on appeal sought reversal because of trial court's denial · of first two motions only, the Supreme Court does not consider whether or not denial of motion for new trial was error.

2. FRAUDS, STATUTE OF—BROKERS—COMMISSIONS—CONTRACTS.

In broker's action for commission wherein defendant interposed that oral agreement was void under statute of frauds, the controlling consideration is not what was actually sold by plaintiff for defendant but whether the terms of the agreement itself were void under the statute when entered into (CL 1948, § 566.132).

3. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Where question on appeal was whether or not the trial court's refusal to grant defendants' motions for directed verdict and for judgment *non obstante veredicto,* the evidence must be viewed in the light most favorable to plaintiff.

4. FRAUDS, STATUTE OF—BROKERS—COMMISSIONS—PERSONALTY.

Where evidence showed a defendant orally agreed to pay plaintiff broker a 5 per cent. commission for the sale of his restaurant business, fixtures and good will, without any leasehold rights included, for a price of $38,000, it was for a sale of personalty and valid, not being within the purview or operation of the statute of frauds (CL 1948, § 566.132).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, §§ 695, 776, 812.
[2, 4] 8 Am Jur, Brokers, §§ 24 *et seq.,* 160, 161.
[3] 3 Am Jur, Appeal and Error, § 947.
[5] 8 Am Jur, Brokers, § 227.

5. BROKERS—COMMISSIONS—CONTRACTS—QUESTION FOR JURY—
STATUTE OF FRAUDS.

In broker's action for commission, evidence presented question of fact for jury as to whether plaintiff actually did sell defendant's restaurant business, fixtures and good will, without including defendant's leasehold rights, for $38,000 and thus became entitled to a commission under oral agreement for sale of personalty, where, although defendant under the written contract of purchase entered into, agreed to negotiate an extension of the lease, had not done so at time of trial about 7 months later nor had he secured the landlord's consent to an assignment of the lease as required therein (CL 1948, § 566.132).

Appeal from Ingham; Coash (Louis E.), J. Submitted June 17, 1949. (Docket No. 59, Calendar No. 44,460.) Decided September 8, 1949.

Assumpsit by Mitchell-Morris & Company, Inc., a Michigan corporation, against Nick Samaras and wife for commission for sale of a restaurant business, fixtures and good will. Verdict and judgment for plaintiff. Defendant Nick Samaras appeals. Affirmed.

*Roy T. Conley,* for plaintiff.

*Paul Watzel* and *Pierce, Planck & Ramsey,* for defendant and appellant.

DETHMERS, J. Plaintiff sued on an oral agreement for a 5 per cent. commission upon the sale of defendant's restaurant business, fixtures and good will. At the conclusion of plaintiff's proofs defendant moved for a directed verdict on the ground that the oral agreement to pay a commission (denied in its entirety by defendant) was void under the statute of frauds (CL 1948, § 566.132 [Stat Ann 1947 Cum Supp § 26.922]) because the sale included an "inter-

est in real estate;" *viz.*, a lease for a term of years, citing *Hannan Real Estate Exchange* v. *Traub*, 217 Mich 162. The trial court reserved decision under the Empson act* and the jury returned a verdict for plaintiff for $1,900, being 5 per cent. of $38,000, the actual sale price and the figure at which plaintiff claims the business was listed with it for sale. Thereafter the court denied defendant's motions for a new trial and for judgment *non obstante veredicto* and defendant appeals.

The statement of questions involved and discussion in defendant's brief go only to the correctness of the court's refusal to grant defendant's motions for a directed verdict and judgment *non obstante veredicto* and not at all to its denial of his motion for a new trial, which latter motion we, therefore, need not consider. *Strong* v. *Kittenger*, 300 Mich 126; *E. A. Pierce & Co.* v. *Sayers*, 296 Mich 508.

The meritorious question raised by defendant is whether the agreement sued upon by plaintiff was, in the language of the statute a "contract to pay any commission for or upon the sale of any interest in real estate" and, therefore, void because not in writing. In determining that question the controlling consideration is not, as defendant urges, what was actually sold by plaintiff for defendant, but, rather, whether the terms of the agreement itself were void under the statute when entered into. The trial court's refusal to grant a directed verdict or a judgment *non obstante veredicto* being in question, the evidence must be viewed in the light most favorable to plaintiff. So viewed, the testimony shows, as defendant's brief admits, that the defendant orally agreed to pay plaintiff a 5 per cent. commission for the sale of his restaurant business, fixtures and good

---

* CL 1948, § 691.691 *et seq.* (Stat Ann § 27.914 *et seq.*).— REPORTER.

will, without any leasehold rights included, for a price of $38,000. Such an agreement, relating only to the payment of a commission for the sale of personalty and not for the sale of an interest in real estate, does not fall within the purview or operation of the statute. For all that appears in the record, the agreement was a perfectly valid one when and as entered into.

Although he has not done so directly, defendant might well have raised the basic question of whether plaintiff actually did sell the defendant's restaurant business, fixtures and good will only, without inclusion of defendant's leasehold rights, for $38,000, and thus become entitled to a commission under the terms of the agreement. Because defendant's brief states as involved in the case a question which might be considered to suggest it (Court Rule No 67, § 1 [1945]) and there is language in his brief which might be deemed to be at least an oblique reference to this question, we pass upon it to say that under the evidence it was a question of fact for the jury. While the written contract of purchase between defendant and the purchasers of defendant's business did require defendant to negotiate an extension of his lease with the landlord and to assign all present and extended leases to the purchasers, nevertheless it also appeared from the testimony that at the time of the trial, 7 months after the sale and when the purchasers were long in possession, defendant had not yet negotiated such an extension of lease nor had he succeeded in obtaining from the landlord the latter's consent to an assignment of the lease as required by its terms. According to the evidence, the purchasers bought for $38,000, the figure at which, as testified for the plaintiff, defendant had listed the property for sale without the lease. Testimony for the plaintiff concerning what occurred in negotiations between the defendant and purchasers in the presence

of one of plaintiff's officers at the time the sale was agreed upon, is susceptible of the construction that the sale covered only the business, fixtures and good will without the lease. Whether defendant's subsequent written undertaking to assign the lease to the purchasers was a gratuity or constituted part of the consideration for the $38,000 purchase price and, therefore, whether plaintiff did or did not sell for $38,000 precisely what was contemplated by the terms of the oral agreement for payment of a commission was a question of fact for the jury.

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.