STAR STEEL SUPPLY COMPANY v. WHITE.

1. ACCOUNT, ACTION ON—COMPROMISE AND SETTLEMENT—AFFIRMATIVE DEFENSE—WAIVER.
    Defective answer which does not set up affirmative defense of compromise and settlement in action on open account is cured by introduction of evidence establishing the defense and argument of the question to the jury by both parties, without objection by the plaintiff (GCR 1963, 111).

2. COMPROMISE AND SETTLEMENT—SUBSEQUENT PAYMENT—CREDIT.
    Defendant was entitled to credit on his running account for a payment made to secure release of a garnishment of his bank account, when the disputed account on which the garnishment was based had been paid in full by a compromise settlement.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Accounts and Accounting § 13.
[2] 15 Am Jur 2d, Compromise and Settlement § 18.
[3] 1 Am Jur 2d, Accounts and Accounting §§ 12, 43.
[4-6] 1 Am Jur 2d, Accounts and Accounting §§ 13, 35, 36.
[7] 5 Am Jur 2d, Appeal and Error § 792.
[8] 5 Am Jur 2d, Appeal and Error § 1010.

3. ACCOUNT, ACTION ON—AFFIDAVIT OF ACCOUNT—PRIMA FACIE CASE
   —REBUTTAL—BURDEN OF GOING FORWARD.

>   An affidavit of open account, filed with complaint and served on
>   defendant, establishes a prima facie case, and the burden of
>   going forward with evidence to rebut the case falls on the
>   defendant.

4. SAME—LEDGER IN EVIDENCE—DENIAL—BURDEN OF GOING FORWARD.

>   Defendant's denial of ordering or receiving goods for which ledger
>   entry of charge was made shifts burden of going forward with
>   evidence to prove order and delivery of goods to plaintiff.

5. SAME—DENIAL OF ITEM—FAILURE OF PROOF.

>   Plaintiff failed to carry burden to prove order and delivery of
>   goods when it did not offer any evidence to contradict defend-
>   ant's denial of order and delivery.

6. SAME—SERVICE CHARGES.

>   Service charges assessed by plaintiff against delinquent accounts
>   have no basis when account cannot be delinquent because no
>   money is owed.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DIRECTED VERDICT.

>   Appellant's complaint of error in manner in which trial judge
>   assisted defendant appearing without counsel will not be con-
>   sidered when case can be decided on ground that defendant
>   *was entitled to a directed verdict at close of* proofs.

8. COSTS—BRIEFS.

>   Costs are not awarded to appellee who has not filed a brief with
>   the court of Appeals.

Appeal from Common Pleas Court of Detroit; Connolly (John W.), J. Submitted Division 1 April 6, 1966, at Detroit. (Docket No. 679.) Decided September 13, 1966.

Declaration by Star Steel Supply Company, a Michigan corporation, against William A. White on open account. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Muller & Labbe* (*Louis P. Labbe,* of counsel), for plaintiff.

McGREGOR, J.   This is a civil jury trial in which
the defendant had no attorney for assistance either
with the pleadings or for the trial.   From a jury
verdict of no cause for action, rendered in the com-
mon pleas court for the city of Detroit, the plaintiff
appeals.

Plaintiff, the Star Steel Supply Company, and
defendant, William A. White, individually and do-
ing business as White Furnace Repair Company,
entered into a course of dealings prior to May 26,
1964, whereby the plaintiff sold defendant, on open
account, goods, wares, merchandise, and services.
The plaintiff's suit is based on a statement of the
open account with an affidavit of open account, which
was filed with the court as part of plaintiff's com-
plaint, and duly served upon defendant.[1]   Defend-
ant appeared *in propria persona,* and answered by
general appearance and plea of general denial, and
demanded a trial by jury.   Defendant's unsworn
pleadings to plaintiff's sworn complaint were brief
and tersely stated: "Deny the allegations contained
in plaintiff's declaration."   The defendant, in his
opening statement, for the first time, claimed a spe-
cial defense of compromise settlement and payment
of $300 therefor.   Although the defendant's pleadings
are defective to the extent that he failed to file a
responsive pleading asserting this affirmative de-
fense,[2] such a defect is cured where evidence estab-
lishing the defense was introduced at the trial with-
out objection and the question was argued to the
court by both parties.   *Joyce* v. *L. P. Steuart, Inc.*
(1955), 97 App DC 33 (227 F2d 407).

---

[1] The statute substantially provides that an affidavit of open
account filed by plaintiff and served upon a defendant which is
not answered or denied under oath establishes prima facie evidence
of such debt to such plaintiff.   CLS 1961, § 600.2145 (Stat Ann 1962
Rev § 27A.2145).

[2] See GCR 1963, 111.

The trial judge, on motion of plaintiff's counsel, ordered that the plaintiff's affidavit of open account be admitted in evidence pursuant to statute, and the trial judge stated to the jury that, "unless it is answered by affidavit, it is admitted and he (plaintiff) has established a prima facie case, then the burden to proceed under Court rules shifts to you (defendant)." Thereupon, the defendant was sworn and took the stand as his own witness. The transcript clearly shows that from this point on, the trial judge took over as if defendant's counsel. Defendant testified that on or prior to September 13, 1963, his account with the plaintiff amounted to approximately $635 which defendant claimed included "carrying charges," which he contended were illegal. Defendant further claims that he entered into an agreement to settle the full account for $300. A check for $300 was issued on September 13, 1963, to Star Steel, with the notation "payment in full of White Furnace Account to date". This check was accepted and cashed by the plaintiff and on direct examination, plaintiff's comptroller, Mr. Smith, testified as follows:

"Q. Now, what was the status of that account as of September 13th as far as the $300 check?

"A. As far as the account in September, at that time, it was all paid before.

"Q. It was paid in full?

"A. Approximately paid in full."

Notwithstanding this fact, on the same day this check for $300 was received, the plaintiff commenced suit and garnisheed defendant's bank account, attaching $635. In order to get this attachment released, the defendant issued a second check for $335. This check was also cashed and the defendant testified that this $335 was to be credited to subsequent purchases. Pursuant to this belief, the defendant

admittedly purchased merchandise worth $328.40. There is no evidence in the record of any credit given by the plaintiff for this $335. If, as admitted by the plaintiff's own witness, under questioning by the plaintiff's attorney, there was a compromise settlement, the defendant was entitled to a $335 credit.

During the course of the trial, the defendant for the first time disputed a charge of $182.25 for merchandise which he claimed he never ordered or received. The plaintiff brought suit for the $328.40 plus the $182.25 and service charges of $15.19 for a total of $525.79.[3]

The basis of the plaintiff's appeal centers upon the trial judge's manner in questioning the witnesses to aid the presentation of the defendant's case. While an examination of the record clearly shows that the trial judge took over the examination of the defendant and the cross-examination of the plaintiff's witnesses, we are of the opinion that this case can be disposed of without determining this aspect of the case.

In order properly to decide this case, it is necessary to break down the amount allegedly due the plaintiff. First, as stated before, there was admittedly a compromise settlement on September 13, 1963. Subsequent to this settlement, when the defendant's account was "approximately paid in full," the defendant issued a check for $335 to have the garnishment on his bank account released. The record is barren of any credit given for this $335 and we are of the opinion that such a credit was due the defendant and that a directed verdict for this amount should have been granted, if such a motion was made.

---

3 The ledger admitted into evidence totals $525.84, instead of $525.79.

Under cross-examination, the defendant testified that he purchased nothing in March and had bought nothing on credit after January 24, 1964. The ledger of the defendant's account admitted into evidence showed a charge of $182.25 on March 11th. When the defendant denied making such a purchase, the burden to prove order and delivery shifted to the plaintiff. Plaintiff never challenged the defendant's denial of the alleged delivery of the goods on March 11, 1964, and clearly failed to meet the burden imposed upon it. Based upon the plaintiff's failure to prove delivery of the merchandise, we conclude that the trial court should have directed a verdict in favor of the defendant for this amount.

After disposing of the two principal amounts, i.e., $335 and $182.25, there remains but $8.09 of the claim of $525.84. The defendant contends throughout the trial that these charges of the plaintiff were illegal carrying charges constituting usurious interest charges. The plaintiff classifies such charges as service charges for delinquent accounts. Assuming the plaintiff's version of these charges is correct, it is evident that such charges cannot be sustained in this case because the defendant owed nothing and, therefore, his account could not be delinquent.

The case should have been disposed of by a directed verdict for the defendant and, therefore, any prejudicial effect that the judge's conduct may have had on the jury need not be considered.

The judgment of the lower court is affirmed. No costs are awarded, the appellee having failed to file any brief in this Court.

J. H. GILLIS, P. J., and HOLBROOK, J., concurred.