KRAGER v. HAROLD E. HEDLER STORAGE, INC.

1. PLEADING—AFFIRMATIVE DEFENSES—ASSUMED NAME CERTIFICATE.
Answer of defendant which admitted existence of plaintiff company, but neither admitted nor denied that such company was owned by plaintiff doing business under the name of said company, and claimed that account allegedly due plaintiff had been discharged by cancellation of a debt due from defendant to said company *held*, sufficient to raise in issue the affirmative defense that plaintiff was barred from recovery pursuant to statute prohibiting one doing business under an assumed name, who has failed to file an assumed name certificate in county where item of business was transacted from bringing any action in the courts of this State (CLS 1961, § 445.5; GCR 1963, 111).

2. SAME—EVIDENCE—FAILURE TO OBJECT—ASSUMED NAME.
Failure to plead an affirmative defense, as required by applicable court rule, is cured, where evidence establishing such defense is introduced at trial, without objection, and the question is argued to the court by both parties (GCR 1963, 111).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 38 Am Jur, Name §§ 13–16, 26.
Construction and effect of statute as to doing business under an assumed or fictitious name or designation not showing the names of the persons interested. 42 ALR2d 516.
[2] 41 Am Jur, Pleading §§ 117, 118, 144, 155.
[4] 5 Am Jur 2d, Appeal and Error § 839.
[5] 17 Am Jur 2d, Contracts § 295; 38 Am Jur, Name §§ 13–16, 20; 40 Am Jur, Payment § 295.

3. SAME—AFFIRMATIVE DEFENSES—ASSUMED NAME—WAIVER.

Claim that plaintiff's failure to file an assumed name certificate, as required by statute, was erroneously considered by trial court because of defendant's failure to properly plead such issue as an affirmative defense *held*, without merit, where defendant's answer admitted the existence of plaintiff company, but neither admitted nor denied its ownership, claiming that the obligation sued upon had been discharged through cancellation of an obligation in the same amount due defendant from plaintiff, and evidence of plaintiff's failure to file the assumed name certificate was introduced at trial, without objection, and the question was argued to the court by both parties, since such defense was not only pleaded, but any defect therein was waived through mutual introduction of the issue (GCR 1963, 111).

4. APPEAL AND ERROR—FINDINGS OF FACT—EVIDENCE.

The Court of Appeals is reluctant to overrule factual determinations made by a trial court which heard the testimony and considered the exhibits while sitting as a trier of the facts.

5. NAMES—JUDGMENT—FINDINGS OF FACT—ASSUMED NAME—SUFFICIENCY OF EVIDENCE.

Judgment for defendant in action by plaintiff, doing business under assumed name of "Casnovia Milling Co.", for balance allegedly due from defendant for sale of wheat, in which action defendant claimed that the obligation had, by agreement, been discharged through the cancellation of a prior debt due defendant from "Casnovia Milling Company", is affirmed, where there was sufficient evidence to support the trial court's determination that the plaintiff's "Casnovia Milling Co." and "Casnovia Milling Company" were one and the same because (1) no notice as to change of ownership had been given defendant, (2) plaintiff used invoices entitled "Casnovia Milling Company", as had been used prior to plaintiff's claimed ownership of company, (3) defendant's check in payment of the wheat account named "Casnovia Milling Co." as payee and stated "less corn invoice no 3323", and (4) there was also evidence to support the court's determination that plaintiff's claim had been discharged by agreed cancellation of a debt in the same amount due defendant from "Casnovia Milling Company" (CLS 1961, § 445.5).

Appeal from Newaygo; Van Domelen (Harold), J. Submitted Division 3 April 4, 1967, at Grand Rapids. (Docket No. 1,620.)   Decided October 3, 1967.

Complaint by Herman Krager, doing business as Casnovia Milling Co., against Harold E. Hedler Storage, Inc., a Michigan corporation, for the balance allegedly due plaintiff from the sale of wheat to defendant. Judgment for defendant. Plaintiff appeals. Affirmed.

*O'Toole & Jacobi,* for plaintiff.

*Paul L. Greer,* for defendant.

HOLBROOK, J. Plaintiff brought suit against the defendant, Harold E. Hedler Storage, Inc., of Newaygo county, to recover the sum of $965.99. This amount allegedly represented the balance due on the sale of 1,715.76 bushels of wheat worth $2,412.76 to defendant. Defendant, a corporation, in its answer pleaded a counterclaim (an offset under former practice) in the amount of the plaintiff's claim based on a previous transaction between the parties. A judgment of no cause of action was entered by the trial court. Plaintiff appeals.

The pertinent facts appear as follows: On April 2, 1965, the defendant sold 720.89 bushels of corn to the Casnovia Milling Company for $965.99. Casnovia Milling Company was managed by John Kent at that time. The defendant, through its manager, made repeated requests of the manager of Casnovia Milling Company, for payment.

On April 19, 1965, Herman Krager took over operation of the Casnovia Milling Company pursuant to a lease with option to purchase. He testified that a public accountant gave notice of the change of "ownership."[1] Defendant's manager and president denied receiving such notice. No assumed name certificate was filed by plaintiff in Newaygo county.

---

[1] No claim was made that notice was sent to Harold E. Hedler Storage, Inc., nor was proof of service presented at trial.

The defendant had refused to sell corn to Casnovia Milling Company because of the failure to pay the $965.99 corn account. On July 29, 1965, defendant purchased 1,715.76 bushels of wheat from plaintiff for $2,412.76. Upon delivery of the wheat, defendant issued a check to Casnovia Milling Company in the amount of $1,446.77 deducting the amount due on the corn account and hauling charges. Plaintiff cashed this check, demanded the balance, and on defendant's refusal to pay, commenced suit.

In rendering a judgment of no cause of action, the trial court found plaintiff to have failed (1) to comply with the assumed or fictitious name act,[2] and (2) to prove by a preponderance of the evidence entitlement to recovery.

The following issues are to be considered on this appeal: (1) Where the assumed name statute is not raised as an affirmative defense in the pleadings, may it be used as a ground for judgment? (2) Was there sufficient evidence presented to justify the trial court's finding that the defendant was entitled to its counterclaim of $965.99 against plaintiff?

It is plaintiff's contention that the trial court committed error in finding that plaintiff's failure to comply with the assumed or fictitious name act was fatal to plaintiff's action.[3] *Turnbull* v. *Michigan Central R. Co.* (1914), 183 Mich 213, is cited by plaintiff for the proposition that the defense of failure of a plaintiff to file an assumed name certificate "is clearly an affirmative defense and unless pleaded it must be considered that it was waived."

---

[2] CLS 1961, § 445.1 *et seq.* (Stat Ann 1964 Rev § 19.821 *et seq.*).

[3] The trial court, in its opinion stated as follows:

"The court finds in this case that the plaintiff in the first instance has failed to comply with the statute requiring filing of a certificate of doing business under an assumed name as required by CLS 1961, § 445.1 *et seq.* (Stat Ann 1964 Rev §§ 19.821 through 19.827), which forbids a party which has not complied with the law from bringing any suit in the State of Michigan."

The defendant counters this by asserting that its pleadings were sufficient to raise the issue of plaintiff's failure to comply with the assumed or fictitious name act and advances in support thereof: (1) The matter of plaintiff's failure to file an assumed name certificate was sufficiently pleaded in its answer which gave plaintiff notice of this defense;[4] *E. A. Pierce & Co.* v. *Sayers* (1941), 296 Mich 508, and *Star Steel Supply Company* v. *White* (1966), 4 Mich App 178; and (2) regardless of the effect of its pleadings, plaintiff had no right or standing in court under CLS 1961, § 445.5 (Stat Ann 1964 Rev § 19.827) which prohibits "bringing any suit, action or proceeding in any of the courts of this state" as a penalty for noncompliance with the statute.

At trial, the following testimony, to which there was no objection, was given by Mr. Krager:

"*Q.* Do you do business under a name—

"*A.* Herman Krager, Casnovia Milling Company, or Casnovia Milling, no company.

"*Q.* Have you filed a certificate—assumed name certificate?

"*A.* Yes, sir.

"*Q.* Where have you filed these certificates?

"*A.* I filed them in Muskegon, and Ottawa county, and Newaygo county claimed I couldn't so I don't have one here, and Kent county that had one of the corporations but not accepted as yet.    *    *    *

"*Q.* Well, in any event, Mr. Krager, you did not file an assumed name in Newaygo county, did you?

"*A.* I tried twice.

---

[4] "1. In answering paragraph 1, defendant neither admits nor denies the allegation contained therein as to the ownership of Casnovia Milling Company, Casnovia, Michigan, but admits the existence of Casnovia Milling Company, Casnovia, Michigan.    *    *    *

"4. In answering paragraph 4, defendant denies that he agreed to pay the sum of $2,412.76, but avers that he agreed to pay the sum of $1,446.77 to plaintiff and to cancel an indebtedness by plaintiff to defendant as set forth in paragraph 3 hereof, and the parties agreed to the same."

"*Q.* Just answer the question. You did not, did you?

"*A.* No."

On the argument defendant advanced the claim to the trial court that plaintiff lacked capacity to sue. CLS 1961, § 445.5 (Stat Ann 1964 Rev § 19.827) provides, viz.:

"The fact that a penalty is provided herein for noncompliance with the provisions of this act shall not be construed to avoid contracts; but any person or persons failing to file the certificate required by section 1 or 1a shall be prohibited from bringing suit, action or proceeding in any of the courts of this state, in relation to any contract or other matter made or done by such person or persons under an assumed or fictitious name, until after full compliance with the provisions of this act."

Although the Michigan Supreme Court in *E. A. Pierce & Co.* v. *Sayers, supra,* was dealing with a copartnership, we find it dealt with a question similar to the one now under consideration. Defendant's answer therein, did not raise in question the composition or existence of the plaintiff copartnership; but in answer to plaintiff's allegation of a copartnership (p 511), "defendant said: 'he neither admits nor denies the allegation * * * and leaves plaintiffs to their proof.'" Mr. Justice BUSHNELL stated on p 512:

"Defendant's statement in his answer placed in issue the question of the composition of the copartnership (Court Rule No 23, § 2 [1933], as amended). Although his statement that a certificate of copartnership had not been filed with the county clerk is a matter of affirmative defense, which must be pleaded (*Turnbull* v. *Michigan Central R. Co.,* 183 Mich 213; *People, for use of McDonell,* v. *Fidelity & Deposit Company of Maryland,* 232 Mich 238; and

*Schultz* v. *Nickel,* 251 Mich 273), defendant, under the pleadings, was entitled to know who constituted the copartnership that claimed the right to a judgment against him."

Also, in *Star Steel Supply Company* v. *White, supra,* a recent decision of this Court, it was held that the pleadings of a defendant were sufficient where the responsive pleadings failed to assert an affirmative defense. We therein stated at p 180 as follows:

"Defendant's unsworn pleadings to plaintiff's sworn complaint were brief and tersely stated:' 'Deny the allegations contained in plaintiff's declaration.' The defendant, in his opening statement, for the first time, claimed a special defense of compromise settlement and payment of $300 therefor. Although the defendant's pleadings are defective to the extent that he failed to file a responsive pleading asserting this affirmative defense [GCR 1963, 111], *such a defect is cured where evidence establishing the defense was introduced at the trial without objection and the question was argued to the court by both parties. Joyce* v. *L. P. Steuart, Inc.* (CA DC), 227 F2d 407." (Emphasis supplied.)

We find both of the above authorities relevant in determining that the matter of plaintiff's failure to file an assumed name certificate was sufficiently pleaded. The ground was a proper one in rendering judgment in this particular instance.

The second issue to be considered calls into question the following portion of the trial court's opinion:

"The plaintiff has failed to prove by a preponderance of evidence that the plaintiff is entitled to recover the amount claimed by reason of the failure to prove that plaintiff is a different business entity than the business entity which purchased the corn

from the defendant, and that the defendant has proved by a preponderance of the evidence that the defendant is entitled to a receipt of $965.99 for corn against the claim of the plaintiff."

In effect, the trial judge determined that Herman Krager's Casnovia Milling Co. and the Casnovia Milling Company were one and the same. The record contains evidence supporting this factual determination, *e.g.*, (1) no notice as to a change of "ownership" was given defendant, (2) the invoices used by plaintiff read "Casnovia Milling Company" and were the same invoices used prior to Mr. Krager's claimed ownership, and (3) defendant's check in payment of the wheat account named as payee, Casnovia Milling Co., and in itemization, stated, "less corn invoice no. 3323." Another valid reason advanced in the trial court's opinion was that defendant proved by a preponderance of the evidence its counterclaim. There is evidence in the record which justifies such a determination.

Where the trial court has heard the testimony and considered exhibits, this Court is most reluctant to overrule factual determinations. We decline to substitute our judgment for that of the trial court.

Affirmed. Costs to defendant-appellee.

BURNS, P. J., and RYAN, J., concurred.