FILL v ALEXANDER HAMILTON LIFE INSURANCE COMPANY
OF AMERICA

Appeal and Error—Interlocutory Issues—Remand.

>The Court of Appeals will neither affirm nor reverse a circuit
>court dismissal of a complaint because of failure to file an
>assumed-name certificate by the plaintiff where before the
>entry of the judgment dismissing the complaint the plaintiff
>filed such an assumed-name certificate and commenced another
>action against the defendant advancing essentially the same
>claim, because the issues posed have become in substance if not
>in form interlocutory; the action is simply remanded to the
>trial court so as to preserve the possibility of a later appeal
>concerning any possibly determinative issue.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 November 13, 1972, at Detroit. (Docket No. 12965.) Decided March 29, 1973.

Complaint by Leon Fill, doing business as Normich Laboratories, against Alexander Hamilton Life Insurance Company of America. Complaint dismissed for plaintiff's failure to file an assumed-name certificate with the county. Plaintiff appeals. Remanded.

*Isadore Goldbaum* and *Gerald J. Gattorn,* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *John H. Dudley, Jr.),* for defendant.

Reference for Points in Headnote
4 Am Jur 2d, Appeal and Error §§ 58–60.

Before: LEVIN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. The trial judge dismissed the plaintiff's complaint because the plaintiff had not filed an assumed-name certificate in Wayne County before commencing this action. See MCLA 445.5; MSA 19.827.

Before the entry of judgment dismissing plaintiff's complaint, the plaintiff filed an assumed-name certificate in Wayne County and commenced another action against the defendant advancing essentially the same claim set forth in the complaint filed in this action.

The likelihood is that even if we were, on account of *Krager v Harold E Hedler Storage, Inc,* 7 Mich App 644, 650 (1967), or for another reason, to affirm the dismissal of the complaint, the circuit court must reach and decide the meritorious question in the second action because, under the express terms of the mentioned statute, the belated filing of an assumed-name certificate entitles a plaintiff to bring an action and to be heard, the dismissal was not on the merits *(cf. In re Raseman Estate,* 18 Mich App 91, 105 [1969]) and the statutes of limitations were tolled during the pendency of the action. *Thermo-Plastics R & D, Inc v General Accident Fire & Life Assurance Corp, Ltd,* 42 Mich App 418, 423 (1972).

And if we were to reverse on the ground that the defense of failure to file an assumed-name certificate was not properly pleaded, the defendant would be entitled to an opportunity to move to amend in this action to assert this defense; the court rule provides that "[l]eave shall be freely given when justice so requires". GCR 1963, 118.1.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

It would appear that little of substance is at stake on this appeal, and, therefore, we decline to address ourselves unnecessarily to what have become, in substance if not in form, the interlocutory issues posed in the briefs filed with us. If, after the trial of the action now pending in the circuit court, there remains anything of substance turning on the issues raised in this appeal such matter of substance can be dealt with in an appeal from the judgment rendered in that action; accordingly, we neither affirm nor reverse but simply remand this action to the trial court so as to preserve the possibility of a later appeal concerning any possibly determinative issue yet lurking in this action.

Remanded. Costs to abide the event.