## ANDERSON v WESTWOOD COMMUNITY SCHOOL DISTRICT

1. CONTRACTS—EMPLOYMENT—DISMISSAL—CONSTRUCTION—TERMS—
   "FAIR HEARING".

   A provision in an employment contract that the employee shall
   have a "fair hearing" before being discharged means at least
   that the employee is entitled to present witnesses and evidence
   in his own behalf; where a hearing board abruptly terminated
   a hearing held under such a provision and precluded the
   employee's counsel from presenting available witnesses in the
   employee's behalf, the employee was denied a fair hearing
   under the contract terms.

2. DAMAGES—CONTRACTS—EMPLOYMENT—DISCHARGE—REDUCED FU-
   TURE EARNINGS—SCHOOL ADMINISTRATION.

   Damages for reduced earnings beyond the expiration of an em-
   ployment contract are properly granted only when the em-
   ployer had reason to foresee that such damage would result at
   the time the contract was made and when the amount of
   money damages can be proved to a reasonable degree of cer-
   tainty; in the case of a teacher or a school administrator,
   discharge or failure to rehire is a blemish that can perma-
   nently scar his record and effectively limit any chance he has
   to be rehired in this state, and a school administrator so
   discharged was properly awarded damages for reduced future
   earnings properly proven.

3. PLEADING—CONFORMITY TO ISSUES TRIED—AMENDED COMPLAINT—
   GENERAL COURT RULES.

   A complaint was properly amended to conform to the issues tried
   and any defect in the complaint was cured pursuant to the
   general court rules where the action was for a declaratory
   judgment on the applicability of a statute but where both
   parties filed an affidavit and memorandum of law in support of
   their positions on whether summary judgment should be

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Master and Servant § 34.
[2] 53 Am Jur 2d, Master and Servant § 396.
[3] 22 Am Jur 2d, Declaratory Judgments § 87 *et seq.*

granted to plaintiff on the basis of an ancillary issue, and where no objection to the plaintiff's motion was raised, the defendant consented to the trial of the issue (GCR 1963, 118.3).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 June 4, 1973, at Detroit. (Docket No. 13829.) Decided September 24, 1973. Leave to appeal applied for.

Complaint by Robert E. Anderson against the Westwood Community School District for a declaratory judgment. Partial summary judgment for plaintiff. Defendant appeals. Affirmed.

*Kiefer, Allen, Ryan & Uhl,* for plaintiff.

*Foran, Robbins & Christy,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

V. J. BRENNAN, J. This case arises out of plaintiff's discharge from employment as the Superintendent of Schools for the Westwood Community School District.

Plaintiff was employed as Superintendent of Schools for the Westwood Community School District under a personal service contract which provided that his term of employment was to be for a three-year period commencing September 30, 1968. On October 8, 1968, plaintiff was informed that charges had been filed against him and that he had been placed on an inactive list pending resolution of the charges.

Pursuant to the employment contract a hearing was scheduled for a determination of the charges. Plaintiff requested that he be given a tenure hearing in accordance with the Michigan tenure of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

teachers act (MCLA 38.104; MSA 15.2004) but the school board denied the request on the basis that plaintiff was not entitled to such a hearing. Plaintiff thereupon filed a complaint in the Circuit Court for the County of Wayne seeking a declaratory judgment that he be given a tenure hearing under the tenure of teachers act. The circuit court, without deciding whether plaintiff was entitled to the protection of the tenure of teachers act, issued a preliminary order requiring the board, if it wished to proceed with a hearing, to comply with the hearing requirements of the tenure of teachers act but allowing the board to hear charges against plaintiff which would ordinarily be beyond the scope of that act. The circuit court also retained supervision and superintending control to assure that plaintiff was given a fair hearing. The hearing was held and resulted in plaintiff's dismissal as superintendent.

Plaintiff thereupon filed a motion for summary judgment (GCR 1963, 117.2[3]) in the circuit court alleging that he was denied a fair hearing before the board and seeking his reinstatement as superintendent. Plaintiff asserted that he was not discharged for good and just cause and that his discharge was arbitrary and capricious. The undisputed facts show that not all of the members of the school board were present at all of the hearings, that no transcript was available to the board when it made its decision and that the board terminated the hearing despite the fact that plaintiff's counsel indicated that he had other available witnesses to present. The circuit court determined that plaintiff was entitled to a partial summary judgment. The court found plaintiff's discharge to be improper for the following reasons:

1. All members of the board did not consider all of the evidence.

2. The board arbitrarily terminated the hearing without giving the plaintiff an opportunity to complete his case or make argument.

3. There is serious question in light of the circumstances that the board was a tribunal free from bias or prejudice.

4. The defendants have not carried their burden of showing good and just cause for the discharge of the plaintiff.

The circuit court held that such actions on the part of the board denied plaintiff of due process. We feel that it is not necessary to reach this constitutional issue since a proper disposition of the case can be made on other grounds.

Plaintiff's employment contract provided that he was subject to discharge only for,

" * * * good and just causes, provided, however, that the Board does not arbitrarily or capriciously call for his dismissal and that the Superintendent shall have the right to service of written charges, notice of hearing, and a fair hearing before the Board."

The contract is silent as to the meaning to be given to the words "fair hearing" but it must at least be taken to mean that the plaintiff was entitled to present witnesses and evidence in his own behalf to the board for their consideration. Here plaintiff was denied such a fair hearing when the board abruptly terminated the hearing and precluded plaintiff's counsel from presenting other available witnesses. Summary judgment was, therefore, properly granted.

Defendant next alleges that the circuit court erred in including $10,950 for reduced earnings in the damage award. The general rule is that an employee who has been wrongfully discharged is entitled, as damages, to the amount owing under

the contract of employment less the amount that he earned during the unexpired portion of the contract term or the amount that he could have earned if he had made a reasonable effort to obtain similar employment. Damages for reduced earnings beyond the expiration of the contract are properly granted only when the employer had reason to foresee that such damage would result at the time the contract was made and if the amount of money damages can be proved to a reasonable degree of certainty. 5 Corbin, Contracts, § 1095, p 514. Such damages are not to be awarded in every case where an employee is wrongfully terminated.

The dissenting opinion of Justice T. G. KAV-ANAGH in *Munro v Elk Rapids Schools,* 383 Mich 661, 692; 178 NW2d 450, 464 (1970), adopted as the opinion of the Court on rehearing, 385 Mich 618; 189 NW2d 224 (1971), outlined the problems faced by discharged teachers:

"Discharge (or failure to rehire) is a blemish that can permanently scar his record and effectively limit any chance he has to be rehired as a teacher in this state."

That this result also accompanies the discharge of administrative personnel is amply demonstrated by plaintiff's search for new employment. Under these circumstances we cannot say that the circuit court was in error in granting damages for reduced future earnings.

Defendant finally asserts that since plaintiff's original complaint only sought a declaratory judgment as to whether the tenure of teachers act applied, it was error for the lower court to grant a partial summary judgment in favor of plaintiff on the basis that an improper hearing was given. Plaintiff and defendant both filed an affidavit and memorandum of law in support of their positions

on the issue of whether summary judgment should be granted. By so doing, and because no objection was raised below, defendant consented to the trial of the issue. Therefore, under GCR 1963, 118.3, the complaint was amended to conform to the issues tried and any defect therein was cured. See *Michner Plating Co v Davis Drilling Co, Inc,* 10 Mich App 358; 159 NW2d 366 (1968), *leave denied,* 381 Mich 760 (1968); *Krager v Harold E Hedler Storage, Inc,* 7 Mich App 644; 152 NW2d 708 (1967); *Star Steel Supply Co v White,* 4 Mich App 178; 144 NW2d 673 (1966).

Affirmed.

All concurred.