PLEGER v BOUWMAN

1. Frauds, Statute of—Options to Purchase Land—Exercise of Option.

   The statute of frauds does not require a written option for the purchase of land to be exercised in writing (MCLA 566.108).

2. Appeal and Error—Findings of Fact—Clear Error.

   Findings of fact by a court which are not clearly erroneous will not be set aside on appeal (GCR 1963, 517.1).

3. Estoppel—Existence of Facts—Culpable Negligence—Intentional Inducements—Reliance—Prejudice.

   A party who has induced another to believe that certain facts exist, by his acts, representations, admissions, or silence when he ought to have spoken out, either intentionally or through culpable negligence, is estopped to deny the existence of such facts where the second party has rightfully relied and acted on his belief as to the existence of the facts and the second party will be prejudiced if the inducing party is permitted to deny existence of the facts.

4. Pleading—Issues—Estoppel—Failure to Raise Issue—Trying Issues by Consent—Objections—Proofs.

   The issue of equitable estoppel in an action for specific performance of an option to purchase land, was tried by mutual consent of the parties, although the issue was not raised in the pleadings, where plaintiffs invoked the estoppel doctrine in oral argument, introduced evidence to substantiate their claim that defendants' actions justified that equitable remedy, and defendants vigorously contested plaintiffs' proofs without objecting to plaintiffs' procedure; any variance between plaintiffs' pleadings and their proofs was not fatal (GCR 1963, 118.3).

Appeal from Kent, John H. Vander Wal, J.

References for Points in Headnotes
[1] 72 Am Jur 2d, Statute of Frauds § 60.
[2] 5 Am Jur 2d, Appeal and Error § 966.
[3] 28 Am Jur 2d, Estoppel and Waiver § 41.
[4] 28 Am Jur 2d, Estoppel and Waiver § 26 et seq.

Submitted Division 3 February 7, 1975, at Grand Rapids. (Docket No. 19901.) Decided May 30, 1975.

Complaint by Roy W. Pleger and James B. Whitney against James P. Bouwman, Robert C. Vander-Veen, and Jeffrey G. Ridings, individually and as partners of J. & B. Realty Company, for specific performance of an option to purchase land. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Cholette, Perkins, & Buchanan* (by *Sherman H. Cone* and *Grant J. Gruel),* for plaintiffs.

*William N. Azkoul,* for defendants.

Before: BRONSON, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendants decided on January 22, 1973 to grant the plaintiffs the right to purchase a certain parcel of land for an agreed amount. This option, which was in writing and supported by valuable consideration, was to expire six months later.

About July 10, 1973 plaintiff Pleger orally exercised the option by telephoning defendant Vander-Veen and announcing plaintiffs' readiness to close the deal. Final arrangements were made and a closing date set. Defendants did not appear at the closing. Rather, plaintiffs received a letter indicating that they had failed to properly exercise the option within six months and that defendants intended to seek a new purchaser.

This action was begun shortly thereafter. Defendants appeal from a judgment awarding to plaintiffs specific performance of the option to purchase.

Defendants argue that plaintiffs' request for

specific performance must be rejected because by failing to put their wishes in writing, plaintiffs never validly exercised the option. Both the statute of frauds and the requirements of the option are said to support this claim.

Reliance on the statute of frauds, MCLA 566.108; MSA 26.908, is misplaced. The statute of frauds does not require a written option for the purchase of land to be exercised in writing. *Hunt v State Highway Commissioner,* 350 Mich 309, 317–318; 86 NW2d 345 (1957), *Smith v Mathis,* 174 Mich 262, 271; 140 NW 548 (1913).

Whether the terms of the option compelled a writing is a question we need not decide, for the trial judge held that defendants are estopped from maintaining that plaintiffs must strictly adhere to the terms of the option.

After hearing the evidence, the trial judge reported specific factual findings in support of his conclusion that defendants "by their actions waived requirement of written acceptance, and by their actions they are equitably estopped" from claiming ineffective exercise of the option, to wit: that upon receiving oral notice that the option was to be exercised, defendants obtained title insurance, instructed an attorney to prepare closing papers, and set up a meeting, on a date agreeable to all parties, for completing the transaction. Plaintiffs were present on the date and at the time and place agreed upon, "ready, willing and able" to close in accordance with the terms of the option. None of the defendants attended this meeting.

These factual findings are not clearly erroneous and will not be set aside. GCR 1963, 517.1. We agree with the trial judge that such facts call for the application of the following well-settled equitable principle:

"It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. [Citations omitted.]" *Kole v Lampen,* 191 Mich 156, 157–158; 157 NW 392 (1916).

Plaintiffs were led to believe that they had effectively and validly communicated to defendants their intention to exercise the option. In reliance thereon they obtained the necessary funds and prepared to close the deal. Had they been aware that written notice was going to be insisted upon, they surely would have supplied it. Defendants cannot be allowed to cajole plaintiffs into believing that verbal notification was sufficient and then wait silently until the option's expiration date to assert technical deficiencies in the plaintiffs' performance. *O'Toole & Nedeau Co v Boelkins,* 254 Mich 44; 235 NW 820 (1931). See, also, and compare *Holt v Stofflet,* 338 Mich 115; 61 NW2d 28 (1953), with *Clark v Muirhead,* 245 Mich 49; 222 NW 79 (1928).

Defendants' contention that the theory of equitable estoppel cannot be maintained against them because it was not pled is unsupportable on this record. Plaintiffs invoked the estoppel doctrine in oral argument and introduced evidence to substantiate their claim that defendants' actions justified that equitable remedy. Instead of objecting to this procedure, defendants vigorously contested plaintiffs' proofs in an attempt to forestall application of the estoppel theory to them. Under these circumstances, the estoppel issue was tried by mutual consent. Any variance between the pleadings and

proofs is not fatal, even though not later corrected by formal amendment. GCR 1963, 118.3; *Anderson v Westwood Schools,* 49 Mich App 406, 411; 212 NW2d 232 (1973).

Nor are we convinced that plaintiffs failed to strictly comply with the terms of the option, as required by Michigan law. *Rapanos v Plumer,* 41 Mich App 586, 588; 200 NW2d 462 (1972). Plaintiffs were prepared to tender payment upon receipt of a land contract and evidence of good title. The land contract was required by the option contract to be drawn up by plaintiffs. That defendants requested plaintiffs' attorney to do so does not render invalid the land contract so prepared. Further, since defendants were required by the option to furnish marketable title to the property, plaintiffs' request that defendants obtain either title insurance or an abstract was not unreasonable, but rather insured that the terms of the option could be fully satisfied.

The judgment granting specific performance in plaintiffs' behalf is affirmed. Costs to plaintiffs.