HORNACK v YOUNG

1. USURY—PLEADINGS—CURE—ARGUMENT—MOTION TO AMEND—AP-
   PEAL AND ERROR—CONTRACTS—AFFIRMATIVE DEFENSES.

   Usury is an affirmative defense which is required by court rule to
   be asserted in a responsive pleading, but this defect is cured
   where evidence establishing the defense is introduced at trial
   without objection and the question is argued to the court by
   both parties; therefore it was error for a circuit court in
   hearing an appeal from a district court action to deny a
   defendant's motion to amend her pleadings to conform to the
   evidence and to hold the defense of usury was not properly
   before it on appeal (GCR 1963, 111.7, 118.3).

2. COURTS—PROCEDURE—LAND CONTRACTS—USURY—FAILURE TO CON-
   SIDER—REMAND—MATTER OF LAW.

   The proper remedy for the erroneous failure of a circuit court to
   consider whether interest charges under a land contract are
   usurious is to remand the matter to the circuit court for its
   determination of that issue, and not for the Court of Appeals to
   rule on the question as a matter of law.

Appeal from Berrien, William S. White, J. Sub-
mitted June 5, 1975, at Grand Rapids. (Docket No.
20306.) Decided August 26, 1975.

Complaint by Walter G. Hornack and Ruth Hor-
nack against Norma J. Young to recover property
under the terms of a land contract. Judgment for
plaintiff in district court. Defendant appealed to
the circuit court. Affirmed. Defendant appeals by
leave granted. Reversed and remanded.

*Thomas W. McCoy,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Interest and Usury § 260.
[2] 45 Am Jur 2d, Interest and Usury § 111 *et seq.*

*Edward M. Yampolsky,* for defendant.

Before: McGregor, P. J., and D. E. Holbrook and N. J. Kaufman, JJ.

McGregor, P. J. On or about September 30, 1966, the defendant was in need of someone to pay off a mortgage on her homestead and she turned to the plaintiffs for help. The defendant tendered a deed dated September 26, 1966, to the plaintiffs and received consideration in the amount of $3,-500. By a land contract dated the following day, the plaintiffs reconveyed the property back to the defendant. The purchase price was $4,800 with no down payment, an interest rate of 7 percent on the unpaid balance, and monthly payments of $70.

The defendant was unable to meet her payments and, on February 1, 1972, plaintiffs filed a complaint in district court to recover the property under the terms of the land contract.

The district court directed a judgment in favor of the plaintiffs and, on appeal, the circuit court rendered an opinion affirming the lower court. Defendant's application for leave to appeal having been granted, the case is now before us for decision on the issue raised.

Defendant's assignment of error relates to the following portion of the circuit court's opinion:

"Defendant now attempts, on appeal, to raise the defense of usury, which was not pleaded, proved or argued in the trial court.

"As the defense of usury must be asserted and affirmatively pleaded, this issue is not before this Court on appeal."

After the district court trial, the defendant filed a motion to amend her pleadings to conform with

the evidence, namely that the contract between the parties was usurious and unjustly enriched the plaintiffs. Defendant's motion further sought reformation of the contract, elimination of the interest payments, and removal of the case to circuit court where equitable relief could be awarded. The district court made the following findings of fact and conclusions of law in regard to defendant's motion:

"8. That defendant's motion to amend the pleadings to conform to the evidence is unnecessary, for the court considered the issues raised in said motion, even though the same was not pleaded.

\* \* \*

"13. There is no usury involved in plaintiff's dealings with the defendant."

In contending that the circuit court erred, the defendant relies on GCR 1963, 118.3 and DCR 118.3, which are identical and read:

"Amendments to Conform to the Evidence. *When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.* In such case an amendment of the pleadings to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfied the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." (Emphasis added.)

The plaintiffs counter by citing GCR 1963, 111.7 and DCR 111.7 which read in part as follows:

"Affirmative Defenses. A party shall in separate defenses set forth the facts constituting any affirmative defense, such as contributory negligence, assumption of risk, payment, release, satisfaction, discharge, license, fraud, duress, estoppel, statute of frauds, statute of limitations, illegality, want or failure of consideration in whole or in part, that an instrument or transaction is void or voidable in point of law, or cannot be recovered upon by reason of statute, or by reason of nondelivery, and any defense which by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim set forth in the plaintiff's complaint in whole or in part, and any ground of defense which, if not raised in the pleading, would be likely to take the adverse party by surprise."

Conceding the fact that usury is an affirmative defense, we are thus confronted with a conflict between the "shall be pleaded" provision of GCR 111.7 and the "treated as raised in the pleadings" provision of GCR 118.3.

In *Star Steel Supply Co v White,* 4 Mich App 178, 180; 144 NW2d 673 (1966), this Court said:

"The defendant in his opening statement, for the first time, claimed a special defense of compromise settlement and payment of $300 therefor. Although the defendant's pleadings are defective to the extent that he failed to file a responsive pleading asserting this affirmative defense, such a defect is cured where evidence establishing the defense was introduced at the trial without objection and the question was argued to the court by both parties. *Joyce v L. P. Steuart, Inc* (1955), 97 App DC 33 (227 F2d 407)." See *Krager v Hedler Storage, Inc,* 7 Mich App 644; 152 NW2d 708 (1967).

Likewise, in *Kevreson v Michigan Consolidated*

*Gas Co,* 374 Mich 465, 474–475; 132 NW2d 622 (1965), our Supreme Court stated:

"Corollary to its attack upon the findings, appellant alleges an abuse of discretion on the part of Judge Bowles, saying that the judge should have granted its motion for leave to plead contributory negligence as an affirmative defense. The motion was made after entry of judgment. We agree that defendant was entitled to such an amendment, GCR 1963, 118.3 being operative in our view. As appellant's counsel argue later in their brief, the issue of plaintiff Kevreson's contributory negligence was 'impliedly tried,' thus bringing the cited rule into play."

See also *Adair v Thoms,* 5 Mich App 195, 197; 146 NW2d 81 (1966), *Farida v Zahar,* 50 Mich App 137; 212 NW2d 739 (1973).

In the present case, evidence establishing the defense of usury was introduced at trial without objection. Indeed, much of the evidence relevant to this issue was placed in evidence by the plaintiffs themselves. Such being the case, we hold that this issue was "impliedly tried" under the provisions of GCR 118.3.

Additionally, the district judge specifically considered and ruled on the issue raised, although he denied the motion to amend to conform to the evidence even though it was filed before judgment. This Court, in *Michner Plating Co v Davis Drilling Co, Inc,* 10 Mich App 358; 159 NW2d 366 (1968), *lv den,* 381 Mich 760 (1968), said, at 365:

"While we recognize that GCR 1963, 118.3 is designed to provide for the practice of amendment to conform to the evidence, we recognize also the comment on this court rule stating: "'Diligent counsel will, however, always move to have such variances corrected by actual amendment, in order to eliminate any necessity for

troubling the appellate court with the matter and to have the record clearly show what was actually litigated for purposes of *res judicata.'*

"While we can condone neither failure to amend, nor failure to object, *we feel that the incorporation in the opinion of the trial court of the matter renders this particular defect nugatory."* (Emphasis added.)

Therefore, under the circumstances of this case, we hold that the circuit court judge erred in holding that the defense of usury was not properly before him on appeal.

The defendant also invites us to reverse the district court's findings and declare, as a matter of law, that the land contract in question was usurious on the authority of *Wilcox v Moore,* 354 Mich 499; 93 NW2d 288 (1958), and *Cullins v Magic Mortgage, Inc,* 23 Mich App 251; 178 NW2d 532 (1971). However, since the circuit court by virtue of its opinion did not have an opportunity to pass on this issue, we believe that the proper course is to decline defendant's invitation and to remand the matter back to the circuit court for its determination of that issue.

Reversed and remanded. Costs to defendant-appellant.